FILED

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2       Including Professional Corporations
    OTIS McGEE, Jr, Cal. Bar No. 71885
3   omcgee@sheppardmullin.com
    MORGAN P. FORSEY, Cal. Bar No. 241207
4   mforsey@sheppardmullin.com
    Four Embarcadero Center, 17th Floor
5   San Francisco, California 94111-4109
    Telephone: (415) 434-9100
6   Facsimile: (415) 434-3947

7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    ROSS A. BOUGHTON, Cal. Bar No. 241119
8   rboughton@sheppardmullin.com
    333 South Hope Street, 48th Floor
9   Los Angeles, California 90071-1448
    Telephone:  213-620-1780
10  Facsimile:   213-620-1398

11 Attorneys for Defendant
   U.S. Security Associates, Inc.

12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

16 MUHAMMED ABDULLAH, as an          Case No.
   individual and on behalf of all others
17 similarly situated,               **CV09-9554 DSF FMOx**

18                  Plaintiff,       **DEFENDANT U.S. SECURITY
                                     ASSOCIATES, INC.'S NOTICE OF
19      v.                           REMOVAL OF ACTION
                                     PURSUANT TO 28 U.S.C. § § 1332,
20 U.S. SECURITY ASSOCIATES, INC.,   1441, AND 1446; DECLARATIONS
   a corporation; and DOES 1 through 50,  OF ROSS A. BOUGHTON AND
21 inclusive,                        JOHN MARSHALL**

22                  Defendant.

23

24

25

26

27

28

                               -1-
W02-WEST:1RAB1\402371510.1        DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant U.S. Security Associates ("U.S. Security Associates" or "Defendant"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court for the Central District of California, the action captioned *Muhammed Abdullah v. U.S. Security Associates, Inc.*, which is currently pending in the Superior Court of the State of California for the County of Los Angeles, as Case No. BC405465 (hereinafter the "State Court Action").[1]

## I.   THE PARTIES AND THEIR CITIZENSHIP

1.     Defendant U.S. Security Associates is a corporation organized under the laws of the State of Delaware with its principal place of business located in Roswell, Georgia. (Declaration of John Marshall ("Marshall Decl.") ¶ 3). Thus, U.S. Security Associates is a citizen of Georgia and/or Delaware for purposes of diversity jurisdiction, and is not a citizen of California. *See* 28 U.S.C. § 1332(c).

2.     During the proposed class period, U.S. Security Associates earned the majority of its revenue in states outside of California, and no single state generated an inordinately large proportion of its revenue. In fact, U.S. Security Associates did business in at least five states during that time. (Marshall Decl. ¶ 4). Accordingly, under a "substantial predominance" analysis, no single state conducts the vast majority of U.S. Security Associates' business activities. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

3.     Under the "nerve center" test, U.S. Security Associates' principal place of business is Georgia. *See Tosco Corp. v. Communities for a Better*

---

[1]     Filed herewith as Exhibits 1-34 to the Declaration of Ross A. Boughton are copies of all of the pleadings, processes and orders that have been filed in the State Court Action.

-2-

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

1  *Environment*, 236 F.3d 495, 500 (9th Cir. 2001).  U.S. Security Associates' corporate

2  headquarters, where the majority of executive and administrative functions are

3  performed, and corporate offices and executives are located in Georgia.  (Marshall

4  Decl. ¶ 3).  Accordingly, U.S. Security Associates' principal place of business is

5  appropriately Georgia.

6         4.     Plaintiff Muhammed Abdullah ("Abdullah") was a California

7  employee of U.S. Security Associates assigned to perform security services for U.S.

8  Security Associates' clients in California (Abdullah Depo. 78:7-8, 94:8-13, Exh. 35,

9  Second Amended Complaint ¶¶ 8, 18, Exh. 7).  Plaintiff is a resident of the State of

10  California.  (Abdullah Depo. 78:7-8, 94:8-13, Exh. 35).  Residence is prima facie

11  evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520

12  (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California, and he

13  is not a citizen of the State of Delaware or the State of Georgia for purposes of

14  diversity jurisdiction.

15         5.     The Second Amended Complaint does not specifically state the

16  residences of newly added plaintiffs Melissa Robinson, Christina Aguilar, and

17  William Kimbrough.  They were, however, purportedly employed by Defendant in

18  the state of California.  (*See* Second Amended Complaint ¶ ¶ 8, 18, Exh. 33).

19         6.     The putative plaintiff class members are "all current and former

20  Security Guard/Officer employees of Defendants who worked at U.S. Security

21  Associates, Inc. in California during the period from July 1, 2007 to the present."

22  (Second Amended Complaint ¶ 18, Exh. 33).  At this point in the litigation, it is

23  impossible to determine the distribution of citizenship of the putative class, as the

24  putative class has not been determined.  However, as the class is defined to *only*

25  include persons who worked for U.S. Security Associates in California, it is clear

26  that a vast majority of putative class members are citizens of California.  Therefore,

27  U.S. Security Associates asserts and affirmatively alleges that at least one and

28

-3-

1  probably the vast majority of the members of this putative class are not citizens of

2  the State of Delaware or the State of Georgia, and are instead citizens of California.

3  II.    **REMOVAL JURISDICTION UNDER THE CLASS ACTION**

4          **FAIRNESS ACT ("CAFA")**

5          7.    The CAFA amended the diversity jurisdiction statute, 28 U.S.C.

6  § 1332, by adding provisions that give federal courts original jurisdiction in class

7  actions where the following factors are met:

8          a.    the aggregate amount in controversy exceeds $5,000,000;

9          b.    any member of the plaintiff class is a citizen of a State different

10                from any defendant or any member of the plaintiff class is a

11                citizen or subject of a foreign state and any defendant is a citizen

12                of a State ("minimal diversity");

13         c.    the primary defendants are not states, state officials, or other

14                government entities against whom the district court may be

15                foreclosed from ordering relief; and

16         d.    the number of members of the plaintiff class is 100 or more.

17         28 U.S.C. § 1332(d)(2), (d)(5); *see also Hart v. FedEx Ground*

18  *Package System, Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

19  A.    **Minimal Diversity**

20         8.    In the present case, the minimal diversity requirement of the

21  CAFA has been met.  As noted above, U.S. Security Associates is a citizen of

22  Delaware and Georgia and Muhammed Abdullah is a citizen of California and at

23  least one member of plaintiff putative class is a citizen of a state other than Georgia

24  and Delaware.  (*Compare* Abdullah Depo. 78:7-8, 94:8-13; Exh. 35 and Second

25  Amended Complaint ¶¶ 8, 18, Exh. 33 *with* Marshall Decl. ¶¶ 3, 4).  Accordingly,

26  the minimal diversity requirement of the CAFA is satisfied.  See 28 U.S.C.

27  § 1332(d)(2)(A) & (B).

28

-4-

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

9.     Also in the present case, the Defendant, U.S. Security Associates, is not a state, state official, or other government entity "against whom the district court may be foreclosed from ordering relief."

B.     **Class Size**

10.     With respect to the CAFA requirement of numerosity, Plaintiff's Complaint asserts that there are at least 200 individuals in the putative class. (Second Amended Complaint ¶19, Exh. 33). The scope of this class, as identified in Plaintiff's Complaint, is all Security Guards/Officers that worked in California from July 1, 2007 to the present. The size of the putative class is in excess of 100. (Marshall Decl. ¶ 5).

C.     **Amount In Controversy Exceeds $5,000,000**

11.     Plaintiff's original Complaint and First Amended Complaint did not set forth any specific amount of damages, but capped damages at $5,000,000, specifically stating that the damages sought "do not exceed $5,000,000." (Complaint ¶6, Exh. 1; First Amended Complaint ¶6, Exh. 7). On December 1, 2009, however, Plaintiff sought leave to amend his complaint to add additional plaintiffs, additional causes of action, and, importantly, to remove to $5,000,000 cap on damages sought. (Boughton Decl. ¶ 7). At the December 1, 2009 hearing, Plaintiff's counsel indicated that the reason they were removing the cap on damages is that Plaintiff's counsel now believes that the amount in controversy exceeds $5,000,000. On December 8, 2009, the Court granted, in part, Plaintiff's motion for leave to amend and allowed Plaintiff to remove the $5,000,000 cap on damages. (*See* December 8, 2009 Minute Order, Exh. 29). On December 18, 2009, Plaintiff filed a Second Amended Complaint that removed the cap on damages. (*See* Second Amended Complaint, Exh. 33). Accordingly, while Defendant vigorously denies any liability, Defendant acknowledges that Plaintiff has now alleged claims that are in excess of $5,000,000.

-5-

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

D.  **CAFA Exceptions Are Not Applicable**

12.    Further, while 28 U.S.C. § 1332(d)(3) and (4) do recognize situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because U.S. Security Associates is not a citizen of California. *See* 28 U.S.C. §§ 1331(d)(3)(discretionary declination of jurisdiction limited to situations where "the primary defendants are citizens of the state where the action was originally filed.") and 1331(d)(4)(A)(local controversy mandatory declination limited to where "at least one defendant is … a citizen of the State in which the class action was filed." *See also* 1331(d)(4)(B)(home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was originally filed."). Additionally, Plaintiff shoulders the burden of establishing that any of these exceptions apply. *Hart, supra* 457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether home-state or local controversy exceptions apply.")

### III.    **TIMELINESS OF REMOVAL**

13.    The appropriate time for removal is set forth in 28 U.S.C. § 1446(b), which provides:

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action."

-6-

14.     Pursuant to 28 U.S.C. § 1446(b), there are two time windows in which removal is appropriate, depending on the pleadings in the case. First, if the removability of the case is evident from the initial complaint, a defendant has a thirty-day time limit for removal from the time the defendant is served with the complaint. *See* 28 U.S.C. § 1446(b); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). This initial thirty day window only applies if the case is removable on the face of the pleading. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face.").

15.     Second, if the removability of an action is not evident from the face of the initial pleading, the defendant has thirty days to remove "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005) (where "such details are obscured or omitted … [such omission] makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading … or other paper to file its notice of removal.").

16.     In diversity cases where removal is dependent on the amount in controversy exceeding a certain dollar amount, the defendant is not put on notice that the action is removable by the initial complaint unless the complaint states a specific amount of damages in excess of the jurisdictional limit. *See Harris,* 425 F.3d at 695, n.5 *(*quoting *In re Willis,* 228 F.3d 896, 897 (8th Cir. 2000)) (where a plaintiff fails to explicitly disclose the amount of damages in his or her complaint, the clock does not begin to run upon receipt of the complaint.); *see also Bullard v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 94390 (N.D. Cal 2006) ( "courts adopt a

-7-

1  bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run

2  from the defendant's receipt of the initial pleading, to place in the initial pleading a

3  specific allegation that damages are in excess of the federal jurisdictional amount."

4  (internal citations omitted)). This is true for cases removed under CAFA as well as

5  under traditional diversity grounds. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972,

6  973 (9th Cir. 2007). In such cases, the thirty day clock for removal begins when the

7  Defendant is first put on notice that the amount in controversy exceeds the

8  jurisdictional limit for removal. *Id.*

9           17.    In this case, Plaintiff's original Complaint and First Amended

10 Complaint specifically stated that damages "do not exceed $5,000,000." (Complaint

11 ¶6, Exh. 1; First Amended Complaint ¶6, Exh. 7). Accordingly, the Complaint and

12 First Amended Complaint did not put Defendant on notice that this case was

13 removable and Defendant's time to remove did not begin to run.

14          18.    On December 1, 2009, Plaintiff sought leave to amend his

15 complaint to, among other thing, remove to $5,000,000 cap on damages. (Boughton

16 Decl. ¶ 7). At the December 1, 2009 hearing, Plaintiff's counsel indicated that the

17 reason they were removing the cap on damages is that Plaintiff's counsel now

18 believes that the amount in controversy exceeded $5,000,000. (Boughton Decl. ¶ 7).

19 On December 8, 2009, the Court granted, in part, Plaintiff's motion for leave to

20 amend and allowed Plaintiff to remove the $5,000,000 cap on damages. (*See*

21 December 8, 2009 Minute Order, Exh. 29). On December 18, 2009, Plaintiff filed a

22 Second Amended Complaint that had no cap on damages. (*See* Second Amended

23 Complaint, Exh. 33). At all times prior to December 18, 2009, the operative

24 complaint included a cap on damages that explicitly stated that the damages sought

25 did not exceed $5,000,000. The December 18, 2009 Second Amended Complaint,

26 which removed the cap on damages, was the first time Defendant received a copy of

27 a pleading, motion, order or other paper from which it was ascertained that the

28 amount in controversy exceeded $5,000,000. (Boughton Decl. ¶ 8). Therefore, this

-8-

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

1  case became removable under CAFA only after service of the Second Amended
2  Complaint.

3          19.    This Notice of Removal is timely filed pursuant to 28 U.S.C.
4  § 1446(b) and Fed. R. Civ. P. 6(a), in that it is filed within thirty (30) days after
5  Defendant was served with a copy of the Second Amended Complaint on December
6  18, 2009, which for the first time removed the cap on damages and established that
7  the amount in controversy exceeded the jurisdictional limit for removal. *See Harris*
8  *v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005).

9                          IV.    **VENUE**

10         20.    Venue is proper in the Central District of California pursuant to
11  29 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the
12  alleged claims occurred in the Central District of California.  Venue in the Central
13  District of California is also proper pursuant to 28 U.S.C. § 1441(a) because the
14  county in which the State Court Action was pending is found within this District.

15                          V.    **DEFENSES**

16         21.    The removal of this action to the Central District of California
17  does not waive U.S. Security Associates' ability to assert any defense to this action.

18         22.    U.S. Security Associates will file a true and correct copy of this
19  Notice of Removal with the Superior Court for the County of Los Angeles and will
20  serve notice of removal on Plaintiff.

21
22
23
24
25
26
27
28

W02-WEST:1RAB1\402371510.1                    DEFENDANT'S NOTICE OF REMOVAL OF ACTION

1    **WHEREFORE**, U.S. Security Associates has removed this action to

2  the United States District Court for the Central District of California, in accordance

3  with the statutes in such cases made and provided.

4  Dated:  December 30, 2009

5                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7                    By

8                              OTIS MCGEE, Jr.

9                              MORGAN P. FORSEY
                              ROSS A. BOUGHTON

10                             Attorneys for Defendant

11                            U.S. SECURITY ASSOCIATES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

## DECLARATION OF ROSS A. BOUGHTON

I, Ross A. Boughton, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an associate with SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, attorneys of record for U.S. Security Associates, Inc.

2.      If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3.      This declaration is submitted in support of DEFENDANT U.S. SECURITY ASSOCIATES' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446.

4.      Attached as Exhibits 1-33 are true and correct copies of all pleadings and orders in filed in Los Angeles County Superior Court in this action prior to removal, as follows:

| | |
|---|---|
| Exhibit 1 | SUMMONS AND CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – Filed 1/13/09 |
| Exhibit 2 | NOTICE OF RELATED CASE – Filed 2/20/09 |
| Exhibit 3 | ORDER TO SHOW CAUSE HEARING – Filed 2/23/09 |
| Exhibit 4 | NOTICE OF CASE MANAGEMENT CONFERENCE TO Hart, Yoon, Lee – Filed 2/23/09 |
| Exhibit 5 | PROOF OF SERVICE OF ORDER TO SHOW CAUSE HEARING – Filed 2/26/09 |

**11**

Boughton Declaration

| | | |
|---|---|---|
| Exhibit 6 | NOTICE OF ORDER TO SHOW CAUSE HEARING AND CASE MANAGEMENT CONFERENCE – Filed 02/27/09 | |
| Exhibit 7 | FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – Filed 3/09/09 | |
| Exhibit 8 | STIPULATION AND ORDER REGARDING LEAVE TO FILE A FIRST AMENDED COMPLAINT – Filed 3/06/09 | |
| Exhibit 9 | MINUTE ORDER RE RELATED CASES – CASES ARE ASSIGNED TO JUDGE JANE JOHNSON FOR ALL PURPOSES – Entered 3/19/09 | |
| Exhibit 10 | DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Filed 3/24/09 | |
| Exhibit 11 | STIPULATED PROTECTIVE ORDER  - Filed 4/13/09 | |
| Exhibit 12 | NOTICE OF CASE MANAGEMENT CONFERENCE – Filed 4/29/09 | |
| Exhibit 13 | NOTICE OF ORDER RE RELATED CASES AND REASSIGNMENT – Filed 3/27/09 | |
| Exhibit 14 | CASE MANAGEMENT STATEMENT – Filed 5/29/09 | |
| Exhibit 15 | MINUTE ORDER RE CASE MANAGEMENT CONFERENCE – CONTINUED TO 8/21/09 – Entered 6/12/09 | |
| Exhibit 16 | STIPULATION AND ORDER REGARDING BELAIRE-WEST NOTICE – Filed 7/28/09 | |
| Exhibit 17 | MINUTE ORDER RE POST-MEDIATION STATUS CONFERENCE – SET FOR 12/1/09 IN DEPT. 56 – Entered 10/22/09 | |
| Exhibit 18 | NOTICE OF LODGING OF FIRST AMENDED COMPLAINT – Filed 11/03/09 | |
| Exhibit 19 | DECLARATION OF LARRY W. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT – Filed 11/03/09 | |
| Exhibit 20 | PLAINTIFF'S NOTICE OF MOTION AND MOTION | |

| | | |
|---|---|---|
| 1 | | FOR LEAVE TO FILE A FIRST AMENDED |
| 2 | | COMPLAINT – Filed 11/03/09 |
| 3 | Exhibit 21 | DEFENDANT'S OPPOSITION TO PLAINTIFF'S |
| | | MOTION FOR LEAVE TO FILE A FIRST AMENDED |
| 4 | | COMPLAINT; DECLARATION OF ROSS A. |
| 5 | | BOUGHTON – Filed 11/13/09 |
| 6 | Exhibit 22 | NOTICE OF RELATED CASE – Filed 11/17/09 |
| 7 | Exhibit 23 | PROOF OF SERVICE OF PLAINTIFF'S POSITION IN |
| | | SUPPORT OF MOVING FORWARD WITH THE |
| 8 | | PROCEEDINGS BECAUSE A STAY IS |
| 9 | | UNWARRANTED; AND DECLARATION OF LINDA |
| | | P. WHITEHEAD IN SUPPORT OF PLAINTIFF'S |
| 10 | | POSITION – Filed 11/20/09 |
| 11 | Exhibit 24 | PLAINTIFF'S POSITION IN SUPPORT OF MOVING |
| 12 | | FORWARD WITH THE PROCEEDINGS BECAUSE A |
| | | STAY IS UNWARRANTED – Filed 11/20/09 |
| 13 | Exhibit 25 | DECLARATION OF LINDA P. WHITEHEAD IN |
| 14 | | SUPPORT OF PLAINTIFF'S POSITION – Filed 11/20/09 |
| 15 | Exhibit 26 | DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S |
| 16 | | REQUEST FOR JUDICIAL NOTICE – Filed 11/20/09 |
| 17 | Exhibit 27 | DEFENDANT'S BRIEF IN SUPPORT OF STAY OF |
| 18 | | ACTION – Filed 11/20/09 |
| 19 | Exhibit 28 | MINUTE ORDER RE MOTION FOR LEAVE TO FILE |
| 20 | | A FIRST AMENDED COMPLAINT – DENIED |
| | | WITHOUT PREJUDICE – Entered 12/01/09 |
| 21 | Exhibit 29 | MINUTE ORDER RE GUARDS CARDS AND |
| 22 | | SECURITY CHECKS – GRANTING MOTION TO |
| | | AMEND COMPLAINT – Entered 12/08/09 |
| 23 | Exhibit 30 | ORDER GRANTING PLAINTIFF'S EX PARTE |
| 24 | | APPLICATION – Filed 12/15/09 |
| 25 | Exhibit 31 | MINUTE ORDER – GRANTING EX PARTE REQUEST |
| 26 | | – Entered 12/15/09 |
| 27 | Exhibit 32 | PLAINTIFF'S EX PARTE APPLICATION FOR ORDER |
| 28 | | EXTENDING HEARING DATE AND ALL |

W02-WEST:1RAB1\402382616.1                    -3-                    **13**                    Boughton Declaration

CORRESPONDING FILING DEADLINES FOR PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, OR IN THE ALTERNATIVE, AN ORDER FOR HEARING ON SHORTENING NOTICE; DECLARATION OF MELISSA M. COYLE IN SUPPORT THEREOF

Exhibit 33    SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – Filed 12/18/09

Exhibit 34    DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

5.    Attached as Exhibit 35 are true and correct copies of the relevant pages of the deposition of Plaintiff Muhammed Abdullah taken on September 1, 2009.

6.    Plaintiff's original Complaint and First Amended Complaint did not set forth any specific amount of damages, but specifically capped damages at $5,000,000, stating that the damages sought "do not exceed $5,000,000." (*See* Complaint 6, Exh. 1; First Amended Complaint 6, Exh. 7).

7.    On December 1, 2009, however, Plaintiff sought leave to amend his complaint to add additional plaintiffs, additional causes of action, and, importantly, to remove to $5,000,000 cap on damages sought. At the December 1, 2009 hearing, Plaintiff's counsel indicated that the reason they were removing the cap on damages is that Plaintiff's counsel now believes that the amount in controversy exceeds $5,000,000.

W02-WEST:1RAB1\402382616.1          -4-

14          Boughton Declaration

8.     On December 8, 2009, the Court granted, in part, Plaintiff's motion for leave to amend and allowed Plaintiff to remove the $5,000,000 cap on damages. (*See* December 8, 2009 Minute Order, Exh. 29). On December 18, 2009, Plaintiff filed a Second Amended Complaint that removed the cap on damages. (*See* Second Amended Complaint, Exh. 33). Accordingly, while Defendant vigorously denies any liability, Defendant acknowledges that Plaintiff has now alleged claims that are in excess of $5,000,000.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 30, 2009, at Los Angeles, California.

_____
Ross A. Boughton

W02-WEST:1RAB1\402382616.1          -5-          15

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a). PLAINTIFFS** (Check box if you are representing yourself ☐)
MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated

**DEFENDANTS**
U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

**(b).** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Larry W. Lee, Esq.          (213) 488-6555
Diversity Law Group
444 South Flower Street
Citigroup Center - Suite 1370
Los Angeles, CA 90071

Attorneys (If Known)
Otis McGee Jr., Esq. Bar # 71885  (415) 434-9100
Morgan Forsey, Bar # 241207
Ross A. Boughton, Bar #241119
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ None stated

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges that he and other class members were denied meal and rest breaks, not paid all wages, and not reimbursed for expenses

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number:    **CV09-9554**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): Robert Morehead v. U.S. Security Associates, Inc., Case No. CV09-09075 GHK (Ex)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Georgia and Delaware | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Ross Boughton     Date December 30, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 333 South Hope
Street, 48th Floor, Los Angeles, California 90071-1448.

4

5

On **December 30, 2009,** I served the following document(s) described as
**CIVIL COVER SHEET** on the interested party(ies) in this action by placing true copies
thereof enclosed in sealed envelopes and/or packages addressed as follows:

6

7

**See Attached Service List**

8

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited
with the U.S. postal service on that same day with postage thereon fully prepaid at
Los Angeles, California in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one day after date of deposit for mailing in
affidavit.

9

10

11

12

☐  **BY OVERNIGHT DELIVERY:** I served such envelope or package to be
delivered on the same day to an authorized courier or driver authorized by the
overnight service carrier to receive documents, in an envelope or package
designated by the overnight service carrier.

13

14

15

☐  **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile
pursuant to Rule 2.306 of the California Rules of Court. The telephone number of
the sending facsimile machine was 213-620-1398. The name(s) and facsimile
machine telephone number(s) of the person(s) served are set forth in the service list.
The sending facsimile machine (or the machine used to forward the facsimile)
issued a transmission report confirming that the transmission was complete and
without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this
declaration.

16

17

18

19

☐  **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the
office of the addressee(s).

20

21

☒  **STATE:** I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

22

☐  **FEDERAL:** I declare that I am employed in the office of a member of the bar of
this Court at whose direction the service was made. I declare under penalty of
perjury under the laws of the United States of America that the foregoing is true and
correct.

23

24

25

Executed on **December 30, 2009,** at Los Angeles, California.

26

27

*S. Flores*
Bertha (Birdie) Flores

28

W02-WEST:1BIF1\401368687.2

1

**SERVICE LIST**

2   Peter M. Hart, Esq.                              Attorneys for Plaintiff
    Law Offices of Peter M. Hart                     Muhammed Abdullah
3   13952 Bora Bora Way, F-320
    Marina Del Rey, CA 90292
4   T: (310) 478-5789
    F: (310) 509) 561-6441
5

6   Larry W. Lee, Esq.                               Attorneys for Plaintiff
    Diversity Law Group,                             Muhammed Abdullah
7     A Professional Corporation
    444 S. Flower Street
8   Citigroup Center, Suite 1370
    Los Angeles, CA 90071
9   T: (213) 488-6555
    F: (213) 488-6554
10

11  Kenneth H. Yoon, Esq.                            Attorneys for Plaintiff
    Law Offices of Kenneth H. Yoon                   Muhammed Abdullah
12  One Wilshire Blvd., Suite 2200
    Los Angeles, CA 90017
13  T: (213) 612-0988
    F: (213) 947-1211
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1BIFI\401368687.2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV09- 9554 DSF  (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.