EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
LOS ANGELES SUPERIOR COURT

JAN 13 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
111 N. Hill Street
Los Angeles, CA 90012
Central District

CASE NUMBER: *(Número del Caso):* BC405465

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175) (213)488-6555 (213)488-6554
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

DATE: *(Fecha)* JAN 13 2009 Clerk, by JOHN A. CLARKE, CLERK *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT, LOS ANGELES COUNTY, CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

D-311 Carl J. West

FILED
LOS ANGELES SUPERIOR COURT

JAN 13 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

PETER M. HART, Esq. [California Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: BC405465

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**(1) VIOLATION OF LABOR CODE SECTION 2802;**

**(2) VIOLATION OF LABOR CODE SECTION 227.3;**

**(3) VIOLATION OF LABOR CODE SECTION 226.7;**

**(4) VIOLATION OF LABOR CODE SECTION 203;**

CIT/CASE: BC405465 LEA/DEF#:
RECEIPT #: CCH478057041
DATE PAID: 01/13/09 02:20:58 PM
PAYMENT: $350.00 0310
RECEIVED:
CHECK: 350.00
CASH:
CHANGE:
CARD:

**(5) VIOLATION OF LABOR CODE SECTION 226;**

**(6) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.).**

**DEMAND FOR JURY TRIAL**

Plaintiff Muhammed Abdullah (hereinafter referred to as "Plaintiff"), hereby submits his class action complaint against Defendants U.S. Security Associates, Inc., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and the class of others similarly situated current and former employees of DEFENDANTS for work related reimbursements owed, vacation wages owed, meal period wages, waiting time penalties, and penalties for failure to keep accurate records, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide reimbursements for all work related expenses, failing to provide meal periods, failing to pay at the end of employment all unused vested vacation wages, and failure to keep proper records of wages earned and rates of pay and other legally mandated records pursuant to Labor Code § 226.

4. Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code,

Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) reimbursement of all work related expenses; (b) all proper meal periods, (c) payment of all unused vested vacation wages, and (d) accurate payroll records pursuant to Labor Code § 226.

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act). Plaintiff at this time believes that the total damages and all other remedies available in the claims alleged do not exceed $5,000,000 and, accordingly, Plaintiff seeks up to no more than $5,000,000 in total recovery, exclusive of interests and costs.

7. Venue is proper because the DEFENDANTS do business in the State of California, they did not list a principle place of business in California with the California Secretary of State, and their principle place of business is in Georgia.

**PARTIES**

8. Plaintiff MUHAMMED ABDULLAH was employed by DEFENDANTS until on or about October 13, 2008. Plaintiff was employed as a security guard during his employment with DEFENDANTS. Plaintiff was not provided reimbursements for all reasonable work-related expenses that he incurred. Plaintiff was not paid one additional hour of wages for each meal period he missed. Plaintiff did not get paid all of his unused vested vacation wages at the time of the end of his employment. DEFENDANTS did not keep accurate records of Plaintiff's work and payment. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, California

Business and Professions Code §17200, et seq., (Unfair Practices Act).

**9.** Plaintiff is informed and believes and based thereon alleges Defendants U.S. Security Associates, Inc. (hereafter "DEFENDANTS") were and are corporations doing business in the State of California providing security services in California.

**10.** Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

**11.** As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

**12.** Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**13.** At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

**14.** Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

**15.** At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**16.** At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

**CLASS ACTION ALLEGATIONS**

**17.** **Definition:** The named individual Plaintiff brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure § 382. The Classes consists of (1) all DEFENDANTS' former California employees whose employment ended between January 13, 2005 and the present who were not paid at the end of their employment all vested, unused vacation wages, including floating holidays, personal days, and other paid time off benefits; (2) all DEFENDANTS' past and present California employees who worked more than 6 hours in any work shift as a Security Guard from January 13, 2005 through the present; (3) all DEFENDANTS' past and present California employees who were not reimbursed for all work-related expenses during the period from January 13, 2005 to the present; and (4) all DEFENDANTS past and present California employees who worked as Security Guards from January 13, 2005 through the present who received an itemized wage statement.

18. **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records and is estimated by Plaintiff at being over 200 class members. Plaintiff is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all vacation wages, and meal period wages, (b) DEFENDANTS did not provide reimbursements for all work related expenses incurred, (c) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226, and (d) DEFNEDANTS engaged in unfair practices.

19. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20. DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class reimbursements for work related expenses, vacation wages, and meal period wages with respect to their employees. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21. In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in

violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, 227.3, and 2802. Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

23. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether (a) class members regularly were denied payment of all work related reimbursements, meal period wages and vacation wages due, and (b) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226. DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

24. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a members of the class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 227.3, and 2802.

25. The California Labor Code and upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources

of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 2802 and Code of Civil Procedure § 1021.5.

29. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

30. The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a

common fund.

FIRST CAUSE OF ACTION

VIOLATION OF LABOR CODE § 2802

(AGAINST ALL DEFENDANTS BY PLAINTIFF)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set for herein.

32. This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

33. As a pattern and practice, DEFENDANTS regularly failed to reimburse and indemnify Plaintiff and Class members for work related expenses and losses.

34. DEFENDANTS had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

35. The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and Class members' rights, and done by managerial employees of DEFENDANTS. Plaintiff and Class members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

36. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

SECOND CAUSE OF ACTION

FOR FORFEITURE OF VACATION WAGES

IN VIOLATION OF LABOR CODE § 227.3

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**37.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

**38.** This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) of their employees.

**39.** Plaintiffs had unused vested vacation wages that were not paid out to them in a timely fashion at the end of their employment in violation of Labor Code § 227.3.

**40.** As a matter of uniform corporate policy and procedure and practices DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiff and members of the class all vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) at the end of their employment. The uniform policy of not paying Plaintiff and class members all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

**41.** The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiffs and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

**42.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff class members in a civil action for damages and wages owed and for costs and attorney's fees and interest pursuant to Labor Code §§ 218.5 and 218.6.

**THIRD CAUSE OF ACTION**

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set for herein.

44. DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiff, and other class members, had the opportunity to take and were provided with all proper meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and class members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks. As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the class members missed.

45. Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

46. As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

47. This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

48. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide Plaintiff and other class members the wages due and

owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**49.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

**FOURTH CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**50.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set for herein.

**51.** DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the rates of pay of their California employees in pay periods. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

**52.** For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members' hours worked, rates of pay, net wages earned, daily or weekly pay, and/or vacation wages earned.

**53.** As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

**54.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code §

226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

**55.** DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**56.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set for herein.

**57.** At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

**58.** As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**59.** The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS.

**60.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a

continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**SIXTH CAUSE OF ACTION**

**FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**61.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 as though fully set for herein.

**62.** DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not reimbursing employees all work related expenses, (b) not paying employees the vacation wages owed, and (c) not paying employees the meal period wages owed.

**63.** DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

**64.** Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

**65.** Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

**66.** The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

**67.** Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices,

as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as the representative of the Classes;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for consequential damages according to proof, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;
5. Upon the Second Cause of Action, for all vacation wages owed, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;
6. Upon the Third Cause of Action, for all meal period wages owed, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;
7. Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203
8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;
9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to

engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

10. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, 2802, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated: January 13, 2009** **LAW OFFICES OF PETER M. HART**

**By:** ______________________
**Peter M. Hart, Esq.**
**Attorney for Plaintiff and the class**

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

**DATED: January 13, 2009** **LAW OFFICES OF PETER M. HART**

**By:** ______________________
**Peter M. Hart**
**Attorney for Plaintiff and the class**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Larry W. Lee (SBN 228175)
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

TELEPHONE NO.: (213)488-6555 FAX NO.: (213)488-6554
ATTORNEY FOR (Name): Plaintiff Muhammed Abdullah

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: Abdullah v. U.S. Security Associates, Inc.

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 13 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

# CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC405465
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 13, 2009
Larry W. Lee (SBN 228175)
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

SHORT TITLE: Abdullah v. U.S. Security Associates, Inc. | CASE NUMBER BC405465

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [X] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

34

SHORT TITLE: Abdullah v. U.S. Security Associates, Inc. | CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case | (1.) 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

35

SHORT TITLE: Abdullah v. U.S. Security Associates, Inc. | CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: Abdullah v. U.S. Security Associates, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | | ADDRESS: |
|---|---|---|---|
| [X]1. [ ]2. [ ]3. [ ]4. [ ]5. [ ]6. [ ]7. [ ]8. [ ]9. [ ]10. | | | 444 S. Flower Street, Suite 1370 |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: January 13, 2009

(SIGNATURE OF ATTORNEY/FILING PARTY)
Larry W. Lee

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT 2

ORIGINAL

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Otis McGee, Bar #7885; Morgan P. Forsey, Bar # 241207; Ross A. Boughton, Bar #24119 Sheppard, Mullin, Richter & Hampton LLP 333 South Hope Street, 48th Floor Los Angeles, CA 90071 TELEPHONE NO.: (213) 620-1780 FAX NO. *(Optional)*: (213) 620-1398 E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: Defendant, U.S. Security Associates, Inc. | FOR COURT USE ONLY FILED LOS ANGELES SUPERIOR COURT FEB 20 2009 JOHN A. CLARKE, CLERK BY RAUL SANCHEZ, DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES STREET ADDRESS: 111 N. Hill Street MAILING ADDRESS: 111 N. Hill Street CITY AND ZIP CODE: Los Angeles, CA 90012 BRANCH NAME: Central | |
| PLAINTIFF/PETITIONER: Muhammed Abdullah | CASE NUMBER: BC 405465 |
| DEFENDANT/RESPONDENT: U.S. Security Associates, Inc. | JUDICIAL OFFICER: Judge Holly Kendig |
| **NOTICE OF RELATED CASE** | DEPT.: 42 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Blacksher v. U.S. Security Associates, Inc.
   b. Case number: BC348103
   c. Court: ☒ same as above
      ☐ other state or federal court *(name and address)*:
   d. Department: 56
   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:
   f. Filing date: February 27, 2006
   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      ☒ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☐ pending
      ☒ dismissed ☒ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
      ☐ other state or federal court *(name and address)*:
   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

NOTICE OF RELATED CASE

Page 1 of 3
Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

38

CM-015

| PLAINTIFF/PETITIONER: Muhammed Abdullah<br>DEFENDANT/RESPONDENT: U.S. Security Associates, Inc. | CASE NUMBER:<br>BC 405465 |
|---|---|

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address)*:

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached:________

Date: February 20, 2009

Ross A. Boughton, Esq.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▸ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)



American LegalNet, Inc.
www.FormsWorkflow.com

CM-015

| PLAINTIFF/PETITIONER: Muhammed Abdullah<br>DEFENDANT/RESPONDENT: U.S. Security Associates, Inc. | CASE NUMBER:<br>BC405465 |
|---|---|

**PROOF OF SERVICE BY FIRST-CLASS MAIL**

**NOTICE OF RELATED CASE**

***(NOTE: You cannot serve the* Notice of Related Case *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date)*:
   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF DECLARANT) ▶ (SIGNATURE OF DECLARANT)

American LegalNet, Inc. www.FormsWorkflow.com

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **February 20, 2009,** I served the following document(s) described as **NOTICE OF RELATED CASE** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 20, 2009,** at Los Angeles, California.

B. Flores

Bertha (Birdie) Flores

**SERVICE LIST**

| | |
|---|---|
| Peter M. Hart, Esq.<br>Law Offices of Peter M. Hart<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>T: (310) 478-5789<br>F: (310) 509) 561-6441 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Larry W. Lee, Esq.<br>Diversity Law Group, A Professional Corporation<br>444 S. Flower Street<br>Citigroup Center, Suite 1370<br>Los Angeles, CA 90071<br>T: (213) 488-6555<br>F: (213) 488-6554 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Kenneth H. Yoon, Esq.<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90017<br>T: (213) 612-0988<br>F: (213) 947-1211 | Attorneys for Plaintiff<br>Muhammed Abdullah |

EXHIBIT 3

42

NOTICE SENT TO:

Hart, Peter M., Esq.
Hart, Peter M., Law Offices of
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292

FILED
LOS ANGELES SUPERIOR COURT
FEB 23 2009
JOHN A. CLARKE, CLERK
BY ________ DEPUTY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH
Plaintiff(s),
VS.
U.S. SECURITY ASSOCIATES INC ET AL
Defendant(s).

CASE NUMBER
BC405465

## ORDER TO SHOW CAUSE HEARING

To the party/attorney of record: Peter M. Hart, Esq.
You are ordered to appear for an Order to Show Cause hearing on April 13, 2009 at 8:30 am in Dept. 42 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**

**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**
**ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [X] Clerk's Office, Room 102 at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF MAILING**

**I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.**

**Date: February 23, 2009**

**John A. Clarke, EXECUTIVE OFFICER/CLERK**

**By ________, Deputy Clerk**

ORDER TO SHOW CAUSE HEARING

**LACIV 166-1 (Rev. 01/07)**
**LASC Approved 06-04**

**LASC Local Rules, Chapter 7**
**Cal. Rules of Court, rule 2.30**

42

NOTICE SENT TO:

Lee, Larry W., Esq.
Diversity Law Group, APC
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071-1901

FILED
LOS ANGELES SUPERIOR COURT

FEB 23 2009

JOHN A. CLARKE, CLERK
BY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH

Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL

Defendant(s).

CASE NUMBER

BC405465

**ORDER TO SHOW CAUSE HEARING**

To the party/attorney of record: Larry W. Lee, Esq.
You are ordered to appear for an Order to Show Cause hearing on April 13, 2009 at 8:30 am in Dept. 42 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**

**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**
**ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [X] Clerk's Office, Room 102 at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF MAILING**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: February 23, 2009

John A. Clarke, EXECUTIVE OFFICER/CLERK

By____________________, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

42

NOTICE SENT TO:

Yoon, Kenneth H., Esq.
Yoon, Kenneth H., Law Offices of
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017-3383

FILED
LOS ANGELES SUPERIOR COURT

FEB 23 2009

JOHN A. CLARKE, CLERK
BY ________ DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH
Plaintiff(s),
VS.
U.S. SECURITY ASSOCIATES INC ET AL
Defendant(s).

CASE NUMBER
BC405465

## ORDER TO SHOW CAUSE HEARING

To the party/attorney of record: Kenneth H. Yoon, Esq.
You are ordered to appear for an Order to Show Cause hearing on April 13, 2009 at 8:30 am in Dept. 42 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**

**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**
**ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [X] Clerk's Office, Room 102 at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF MAILING**

**I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.**

**Date: February 23, 2009**

**John A. Clarke, EXECUTIVE OFFICER/CLERK**

**By ______________________, Deputy Clerk**

ORDER TO SHOW CAUSE HEARING

**LACIV 166-1 (Rev. 01/07)**
**LASC Approved 06-04**

**LASC Local Rules, Chapter 7**
**Cal. Rules of Court, rule 2.30**

EXHIBIT 4

42

NOTICE SENT TO:

Lee, Larry W., Esq.
Diversity Law Group, APC
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071-1901

LOS ANGELES SUPERIOR COURT

FEB 23 2009

JOHN A. CLARKE, CLERK

BY ______ DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH

Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL

Defendant(s).

CASE NUMBER

BC405465

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for May 13, 2009 at 8:30 am in Dept. 42 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: February 23, 2009

John A. Clarke, Executive Officer/Clerk

by ______________________, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

42

NOTICE SENT TO:

Hart, Peter M., Esq.
Hart, Peter M., Law Offices of
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292

FILED
LOS ANGELES SUPERIOR COURT

FEB 23 2009

JOHN A. CLARKE, CLERK
BY __________ DEPUTY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH
Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL
Defendant(s).

CASE NUMBER

BC405465

## NOTICE OF CASE MANAGEMENT CONFERENCE

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for May 13, 2009 at 8:30 am in Dept. 42 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar** days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: February 23, 2009

John A. Clarke, Executive Officer/Clerk

by ______________________, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

42

NOTICE SENT TO:

Yoon, Kenneth H., Esq.
Yoon, Kenneth H., Law Offices of
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017-3383

FILED
LOS ANGELES SUPERIOR COURT
FEB 23 2009
JOHN A. CLARKE, CLERK
BY ______ DEPUTY

FILED
LOS ANGELES SUPERIOR COURT
FEB 23 2009

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH
Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL
Defendant(s).

CASE NUMBER

BC405465

## NOTICE OF CASE MANAGEMENT CONFERENCE

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for May 13, 2009 at 8:30 am in Dept. 42 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: February 23, 2009

John A. Clarke, Executive Officer/Clerk

by ______________________, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EXHIBIT 5

ORIGINAL

PETER M. HART (California Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017-3383
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

LARRY W. LEE (State Bar No. 228175)
**DIVERISTY LAW GROUP, A Professional Corporation**
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
(213) 488 – 6555
(213) 488 – 6554 facsimile

Attorneys for Plaintiff
Muhammed Abdullah

REC'D
FEB 26 2009
FILING WINDOW

FILED
LOS ANGELES SUPERIOR COURT
FEB 26 2009
JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH, as an individual and on behalf of others similarly situated,

Plaintiff,

v.

U.S. SECURITY ASSOCIATES, INC., a California corporation, and DOES 1 THROUGH 100, inclusive,

Defendants.

CASE NO.: BC405465

(Assigned for all purposes to the Hon. Holly E. Kendig, Dept. 42)

**PROOF OF SERVICE OF ORDER TO SHOW CAUSE HEARING**

NOTICE SENT TO:

Yoon, Kenneth H., Esq.
Yoon, Kenneth H., Law Offices of
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017-3383

FILE STAMP

ORIGINAL FILED

FEB 23 2009

LOS ANGELES SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH
Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL
Defendant(s).

CASE NUMBER

BC405465

**ORDER TO SHOW CAUSE HEARING**

To the party/attorney of record: Kenneth H. Yoon, Esq.

You are ordered to appear for an Order to Show Cause hearing on April 13, 2009 at 8:30 am in Dept. 42 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**

**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**
**ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [X] Clerk's Office, Room 102 at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF MAILING**

**I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.**

**Date: February 23, 2009**

**John A. Clarke, EXECUTIVE OFFICER/CLERK**

**By________________, Deputy Clerk**

ORDER TO SHOW CAUSE HEARING

**LACIV 166-1 (Rev. 01/07)**
**LASC Approved 06-04**

**LASC Local Rules, Chapter 7**
**Cal. Rules of Court, rule 2.30**

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017.

On February 25, 2009, I served the following document described as:

**ORDER TO SHOW CAUSE HEARING AND NOTICE OF CASE MANAGEMNET CONFERENCE**

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached mailing list.

[ ] (BY FACSIMILE)
I am readily familiar with the business practices of this office. The telephone number of the facsimile machine I used was (213) 489-9961. This facsimile machine complies with Rules 2003(2) of the California Rules of Court. Upon transmission, no error was reported by the facsimile machine and a printed copy of the machine's transmission record indicating that the transmission was successfully completed is attached to this declaration.

[ ] By having copies **personally delivered to the designated party(ies).**

[ ] By leaving, during usual business hours, copies in the office of the party(ies) served with the person who apparently was in charge and thereafter mailing (by first class mail, postage prepaid) copies to the party(ies) served at the place where the copies were left.

[ ] **(BY MAIL)**
I am familiar with my employer's mail collection and processing practices; know that mail is collected and deposited with the United States Postal Services on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

**[X] (BY FEDERAL EXPRESS COURIER)**
I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express delivery. Under that practice it would be deposited with the Federal Express Courier on that same day at Los Angeles, California in the ordinary course of business. Executed on February 25, 2009, at Los Angeles, California.

**[X]** (State) I declare under penalty of perjury that the above is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on February 25, 2009, at Los Angeles, California.

KENNETH YOON

*Muhammed Abdullah v. U.S. Security Associates, Inc.*
**Los Angeles County Superior Court Case No. BC405465**

**SERVICE LIST**

**Attorneys for Defendant**

OTIS MCGEE
MORGAN P. FORSEY
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

ROSS A. BOUGHTON
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

**Attorneys for Plaintiffs**

Peter M. Hart (via email)
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Larry W. Lee (via email)
Diversity Law Group
444 South Flower Street, Suite 1370
Los Angeles, California 90071
Telephone: (213) 488-6555

EXHIBIT 6

PETER M. HART, Esq. [California Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

FILED
LOS ANGELES SUPERIOR COURT
FEB 27 2009
JOHN A. CLARKE, CLERK
LORIETTA ROBINSON, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC405465<br><br>**NOTICE OF ORDER TO SHOW CAUSE HEARING AND CASE MANAGEMENT CONFERENCE**<br><br>(Assigned to the Honorable Holly E. Kendig, Dept. 42)<br><br>Complaint Filed: January 13, 2009 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that an Order to Show Cause hearing for Failure to File a

Proof of Service has been scheduled for **April 13, 2009** at 8:30 a.m. in Department 42 of the above-referenced courthouse, located at 111 N. Hill Street, Los Angeles, California 90012.

Further, a Case Management Conference has been scheduled for **May 13, 2009** at 8:30 a.m. in Department 42 of the above-referenced courthouse. All parties are ordered to meet and confer in person no later than thirty days prior to the hearing. The parties shall also file a Case Management Statement at least fifteen calendar days before the hearing. A true and correct copy of the Court's notices are attached hereto as Exhibit "1".

DATED: February 27, 2009 **DIVERSITY LAW GROUP**

**By:** ______________________
**Larry W. Lee**
**Attorney for Plaintiff and the class**

# EXHIBIT 1

NOTICE SENT TO:

Yoon, Kenneth H., Esq.
Yoon, Kenneth H., Law Offices of
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017-3383

FILE STAMP

ORIGINAL FILED

FEB 23 2009

LOS ANGELES SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL Defendant(s).

CASE NUMBER

BC405465

## ORDER TO SHOW CAUSE HEARING

To the party/attorney of record: Kenneth H. Yoon, Esq.
You are ordered to appear for an Order to Show Cause hearing on April 13, 2009 at 8:30 am in Dept. 42 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:.**
**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**
**ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [X] Clerk's Office, Room 102 at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF MAILING**

**I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.**

**Date: February 23, 2009**

**John A. Clarke, EXECUTIVE OFFICER/CLERK**

**By____________________, Deputy Clerk**

ORDER TO SHOW CAUSE HEARING

**LACIV 166-1 (Rev. 01/07)**
**LASC Approved 06-04**

**LASC Local Rules, Chapter 7**
**Cal. Rules of Court, rule 2.30**

EX. 1

NOTICE SENT TO:

Yoon, Kenneth H., Esq.
Yoon, Kenneth H., Law Offices of
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017-3383

FILE STAMP

ORIGINAL FILED

FEB 23 2009

LOS ANGELES SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH

Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL

Defendant(s).

CASE NUMBER

BC405465

## NOTICE OF CASE MANAGEMENT CONFERENCE

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for May 13, 2009 at 8:30 am in Dept. 42 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 23, 2009

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: February 23, 2009

John A. Clarke, Executive Officer/Clerk

by ______________________, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA ]
]ss.
COUNTY OF LOS ANGELES ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 S. Flower Street, Suite 1370, Los Angeles, California 90071.

On February 27, 2009, I served the following document(s) described as: **NOTICE OF ORDER TO SHOW CAUSE HEARING AND CASE MANAGEMENT CONFERENCE** on the interested parties in this action as follows:

Otis McGee, Esq.
Morgan P. Forsey, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
*Attorneys for Defendant U.S. Security Associates, Inc.*

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071
*Attorneys for Defendant U.S. Security Associates, Inc.*

Peter M. Hart, Esq.
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina del Rey, CA 90292
*Attorneys for Plaintiff Muhammed Abdullah*

Kenneth H. Yoon, Esq.
Law Office of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
*Attorneys for Plaintiff Muhammed Abdullah*

__X__ BY MAIL: by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 27, 2009, at Los Angeles, California.

Susan Baxter
Susan Baxter

EXHIBIT 7

ORIGINAL

PETER M. HART, Esq. (California Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

FILED
Los Angeles Superior Court

MAR 09 2009

John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

212

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: BC 405465

**CLASS ACTION**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**(1) VIOLATION OF LABOR CODE SECTION 2802;**

**(2) VIOLATION OF LABOR CODE SECTION 227.3;**

**(3) VIOLATION OF LABOR CODE SECTION 226.7;**

**(4) VIOLATION OF LABOR CODE SECTION 203;**

**(5) VIOLATION OF LABOR CODE SECTION 226;**

**(6) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.).**

**DEMAND FOR JURY TRIAL**

Plaintiff Muhammed Abdullah (hereinafter referred to as "Plaintiff"), hereby submits his first amended class action complaint against Defendants U.S. Security Associates, Inc., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and the class of others similarly situated current and former employees of DEFENDANTS for work related reimbursements owed, vacation wages owed, meal period wages, waiting time penalties, and penalties for failure to keep accurate records, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide reimbursements for all work related expenses, failing to provide meal periods, failing to pay at the end of employment all unused vested vacation wages, and failure to keep proper records of wages earned and rates of pay and other legally mandated records pursuant to Labor Code § 226.

4. Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code,

Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) reimbursement of all work related expenses; (b) all proper meal periods, (c) payment of all unused vested vacation wages, and (d) accurate payroll records pursuant to Labor Code § 226.

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act). Plaintiff at this time believes that the total damages and all other remedies available in the claims alleged do not exceed $5,000,000 and, accordingly, Plaintiff seeks up to no more than $5,000,000 in total recovery, exclusive of interests and costs.

7. Venue is proper because the DEFENDANTS do business in the State of California, they did not list a principle place of business in California with the California Secretary of State, and their principle place of business is in Georgia.

**PARTIES**

8. Plaintiff MUHAMMED ABDULLAH was employed by DEFENDANTS until on or about October 13, 2008. Plaintiff was employed as a security guard during his employment with DEFENDANTS. Plaintiff was not provided reimbursements for all reasonable work-related expenses that he incurred. Plaintiff was not paid one additional hour of wages for each meal period he missed. Plaintiff did not get paid all of his unused vested vacation wages at the time of the end of his employment. DEFENDANTS did not keep accurate records of Plaintiff's work and payment. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, California

Business and Professions Code §17200, et seq., (Unfair Practices Act).

9. Plaintiff is informed and believes and based thereon alleges Defendants U.S. Security Associates, Inc. (hereafter "DEFENDANTS") were and are corporations doing business in the State of California providing security services in California.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

12. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

**15.** At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**16.** At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

**17.** **Definition:** The named individual Plaintiff brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure § 382. The Classes consists of (1) all DEFENDANTS' former California employees whose employment ended between July 1, 2007 and the present who were not paid at the end of their employment all vested, unused vacation wages, including floating holidays, personal days, and other paid time off benefits; (2) all DEFENDANTS' past and present California employees who worked more than 6 hours in any work shift as a Security Guard from July 1, 2007 through the present; (3) all DEFENDANTS' past and present California employees who were not reimbursed for all work-related expenses during the period from July 1, 2007 to the present; and (4) all DEFENDANTS past and present California employees who worked as Security Guards from July 1, 2007 through the present who received an itemized wage statement.

**18. Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records and is estimated by Plaintiff at being over 200 class members. Plaintiff is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all vacation wages, and meal period wages, (b) DEFENDANTS did not provide reimbursements for all work related expenses incurred, (c) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226, and (d) DEFNEDANTS engaged in unfair practices.

**19. Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

**20.** DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class reimbursements for work related expenses, vacation wages, and meal period wages with respect to their employees. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

**21.** In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

**22.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in

violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, 227.3, and 2802. Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

23. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether (a) class members regularly were denied payment of all work related reimbursements, meal period wages and vacation wages due, and (b) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226. DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

24. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a members of the class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 227.3, and 2802.

25. The California Labor Code and upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources

of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 2802 and Code of Civil Procedure § 1021.5.

29. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

30. The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a

common fund.

FIRST CAUSE OF ACTION

VIOLATION OF LABOR CODE § 2802

(AGAINST ALL DEFENDANTS BY PLAINTIFF)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set for herein.

32. This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

33. As a pattern and practice, DEFENDANTS regularly failed to reimburse and indemnify Plaintiff and Class members for work related expenses and losses.

34. DEFENDANTS had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

35. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

SECOND CAUSE OF ACTION

FOR FORFEITURE OF VACATION WAGES

IN VIOLATION OF LABOR CODE § 227.3

(AGAINST ALL DEFENDANTS BY PLAINTIFF)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set for herein.

37. This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) of their employees.

38. Plaintiffs had unused vested vacation wages that were not paid out to them in a timely fashion at the end of their employment in violation of Labor Code § 227.3.

39. As a matter of uniform corporate policy and procedure and practices DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiff and members of the class all vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) at the end of their employment. The uniform policy of not paying Plaintiff and class members all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

40. The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiffs and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

41. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff class members in a civil action for damages and wages owed and for costs and attorney's fees and interest pursuant to Labor Code §§ 218.5 and 218.6.

**THIRD CAUSE OF ACTION**

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43. DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiff, and other class members, had the opportunity to take and were provided with all proper meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and class members were suffered and

permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks. As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the class members missed.

44. Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

45. As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

46. This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

47. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

48. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class

members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**49.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

**50.** At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

**51.** As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**52.** The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS.

**53.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**FIFTH CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**54.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as though fully set for herein.

55. DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the rates of pay of their California employees in pay periods. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

56. For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members' hours worked, rates of pay, net wages earned, daily or weekly pay, and/or vacation wages earned.

57. As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

58. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

59. DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**SIXTH CAUSE OF ACTION**

**FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set for herein.

61. DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not reimbursing employees all work related expenses, (b) not paying employees the vacation wages owed, and (c) not paying employees the meal period wages owed.

62. DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

63. Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

64. Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

65. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

66. Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this

suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as the representative of the Classes;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for consequential damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;
5. Upon the Second Cause of Action, for all vacation wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;
6. Upon the Third Cause of Action, for all meal period wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;
7. Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203
8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;
9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;
10. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, 2802, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated: March 2, 2009** **LAW OFFICES OF PETER M. HART**

By: ____________________
**Peter M. Hart, Esq.**

Attorney for Plaintiff and the class

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

**DATED: March 2, 2009**

**LAW OFFICES OF PETER M. HART**

By: ______________________

**Peter M. Hart**
**Attorney for Plaintiff and the class**

16

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

74

EXHIBIT 8

42

FILED
LOS ANGELES SUPERIOR COURT
MAR 06 2009
JOHN A. CLARKE, CLERK
J. Bacon
BY JENNIFER BACON DEPUTY

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
OTIS MCGEE, Cal. Bar No. 71885
MORGAN P. FORSEY, Cal. Bar No. 241207
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendant.

Case No. BC 405465

[Complaint Filed: January 13, 2009]

**STIPULATION AND [~~PROPOSED~~] ORDER REGARDING LEAVE TO FILE A FIRST AMENDED COMPLAINT**

[Department 42]

Discovery Cutoff: n/s
Motion Cutoff: n/s
Trial Date: n/s

CIT/CASE: BC405465 LEA/DEF#:
RECEIPT #: CCH477728957
DATE PAID: 03/03/09 02:25:05 PM
PAYMENT: $20.00
RECEIVED:
CHECK: 20.00
CASH:
CHANGE:
CARD:

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND THE HONORABLE COURT:**

**STIPULATION**

Plaintiff Muhammed Abdullah ("Plaintiff"), on the one hand, and Defendant U.S. Security Associates, Inc. ("Defendant"), on the other (collectively, the "Parties"), submit the following:

WHEREAS, on or about January 13, 2009, Plaintiff filed a Class Action Complaint ("Complaint") against Defendant alleging claims for violation of Labor Code § 2802 (First Cause of Action), violation of Labor Code § 227.3 (Second Cause of Action), violation of Labor Code § 226.7 (Third Cause of Action), violation of Labor Code § 203 (Fourth Cause of Action), violation of Labor Code § 226 (Fifth Cause of Action), and violation of Business and Professions Code § 17200 (Sixth Cause of Action). Plaintiff's Complaint also seeks punitive damages for such alleged violations;

WHEREAS, Plaintiff has since learned that the Los Angeles County Superior Court has previously granted final approval of a class action settlement in the case *Blacksher v. U.S. Security Associates*, LASC Case No. BC348103 ("*Blacksher*"), and that the *Blacksher* settlement addresses many of the same claims asserted by Plaintiff in his Complaint up through June 30, 2007;

WHEREAS, Plaintiff seeks to file an amended complaint for the above-stated claims that is limited to the time period after the effective date of the *Blacksher* settlement and to withdraw his claims for punitive damages without prejudice, and the Parties wish to avoid burdening the Court with a motion to amend;

THEREFORE, the Parties, through their respective undersigned counsel of record, hereby stipulate and agree, and request that the Court enter an order, as follows:

1. The terms of the settlements in the *Blacksher* settlement fully resolves, settle and release the claims alleged by Plaintiff in his Complaint up through June 30, 2007;

2. The claims asserted by Plaintiff in his Complaint are not covered or released by the *Blacksher* settlement for any time periods after June 30, 2007;

3. Plaintiff will also withdraw his claim for punitive damages, without prejudice;

4. Furthermore, Plaintiff reserves his right and shall be allowed to re-assert such claims for punitive damages in any future amended pleadings;

5. Plaintiff may file the First Amended Complaint which is attached to this Stipulation as Exhibit 1; and

6. The First Amended Complaint shall be deemed served on Defendant as of the date of service of the Notice of Entry of Order pertaining to this Stipulation, and Defendant shall have thirty (30) days after such service in which to respond to the First Amended Complaint.

**IT IS SO STIPULATED.**

Dated: March 2, 2009

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By ______________________
OTIS MCGEE
MORGAN FORSEY
ROSS BOUGHTON
Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

DATED: March 2, 2009

DIVERSITY LAW GROUP

By ______________________
LARRY LEE
Attorneys for Plaintiff
MUHAMMED ABDULLAH



**ORDER**

**IT IS SO ORDERED.**

DATED: March 6, 2009

By: ______________________
JUDGE OF THE LOS ANGELES SUPERIOR COURT

**HOLLY E. KENDIG**

-4-

W02-WEST:1RAB1\401330159.1

STIPULATED NOTICE OF RELATED CASE AND REQUEST FOR TRANSFER; ORDER

78

PETER M. HART, Esq. (California Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: BC 405465

<u>CLASS ACTION</u>

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**(1) VIOLATION OF LABOR CODE SECTION 2802;**

**(2) VIOLATION OF LABOR CODE SECTION 227.3;**

**(3) VIOLATION OF LABOR CODE SECTION 226.7;**

**(4) VIOLATION OF LABOR CODE SECTION 203;**

EX. 1

**(5) VIOLATION OF LABOR CODE SECTION 226;**

**(6) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.).**

**DEMAND FOR JURY TRIAL**

Plaintiff Muhammed Abdullah (hereinafter referred to as "Plaintiff"), hereby submits his first amended class action complaint against Defendants U.S. Security Associates, Inc., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and the class of others similarly situated current and former employees of DEFENDANTS for work related reimbursements owed, vacation wages owed, meal period wages, waiting time penalties, and penalties for failure to keep accurate records, as follows:

**INTRODUCTION**

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide reimbursements for all work related expenses, failing to provide meal periods, failing to pay at the end of employment all unused vested vacation wages, and failure to keep proper records of wages earned and rates of pay and other legally mandated records pursuant to Labor Code § 226.

4. Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code,

Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) reimbursement of all work related expenses; (b) all proper meal periods, (c) payment of all unused vested vacation wages, and (d) accurate payroll records pursuant to Labor Code § 226.

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act). Plaintiff at this time believes that the total damages and all other remedies available in the claims alleged do not exceed $5,000,000 and, accordingly, Plaintiff seeks up to no more than $5,000,000 in total recovery, exclusive of interests and costs.

7. Venue is proper because the DEFENDANTS do business in the State of California, they did not list a principle place of business in California with the California Secretary of State, and their principle place of business is in Georgia.

## PARTIES

8. Plaintiff MUHAMMED ABDULLAH was employed by DEFENDANTS until on or about October 13, 2008. Plaintiff was employed as a security guard during his employment with DEFENDANTS. Plaintiff was not provided reimbursements for all reasonable work-related expenses that he incurred. Plaintiff was not paid one additional hour of wages for each meal period he missed. Plaintiff did not get paid all of his unused vested vacation wages at the time of the end of his employment. DEFENDANTS did not keep accurate records of Plaintiff's work and payment. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, California

Business and Professions Code §17200, et seq., (Unfair Practices Act).

9. Plaintiff is informed and believes and based thereon alleges Defendants U.S. Security Associates, Inc. (hereafter "DEFENDANTS") were and are corporations doing business in the State of California providing security services in California.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

12. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

**15.** At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**16.** At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

**17.** **Definition:** The named individual Plaintiff brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure § 382. The Classes consists of (1) all DEFENDANTS' former California employees whose employment ended between July 1, 2007 and the present who were not paid at the end of their employment all vested, unused vacation wages, including floating holidays, personal days, and other paid time off benefits; (2) all DEFENDANTS' past and present California employees who worked more than 6 hours in any work shift as a Security Guard from July 1, 2007 through the present; (3) all DEFENDANTS' past and present California employees who were not reimbursed for all work-related expenses during the period from July 1, 2007 to the present; and (4) all DEFENDANTS past and present California employees who worked as Security Guards from July 1, 2007 through the present who received an itemized wage statement.

18. **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records and is estimated by Plaintiff at being over 200 class members. Plaintiff is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all vacation wages, and meal period wages, (b) DEFENDANTS did not provide reimbursements for all work related expenses incurred, (c) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226, and (d) DEFNEDANTS engaged in unfair practices.

19. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20. DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class reimbursements for work related expenses, vacation wages, and meal period wages with respect to their employees. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21. In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in

violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, 227.3, and 2802. Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

**23. Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether (a) class members regularly were denied payment of all work related reimbursements, meal period wages and vacation wages due, and (b) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226. DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

**24. Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a members of the class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 227.3, and 2802.

**25.** The California Labor Code and upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

**26.** The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources

of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 2802 and Code of Civil Procedure § 1021.5.

29. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

30. The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a

common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2802**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set for herein.

32. This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

33. As a pattern and practice, DEFENDANTS regularly failed to reimburse and indemnify Plaintiff and Class members for work related expenses and losses.

34. DEFENDANTS had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

35. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

**SECOND CAUSE OF ACTION**

**FOR FORFEITURE OF VACATION WAGES**

**IN VIOLATION OF LABOR CODE § 227.3**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set for herein.

37. This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) of their employees.

38. Plaintiffs had unused vested vacation wages that were not paid out to them in a timely fashion at the end of their employment in violation of Labor Code § 227.3.

39. As a matter of uniform corporate policy and procedure and practices DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiff and members of the class all vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) at the end of their employment. The uniform policy of not paying Plaintiff and class members all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

40. The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiffs and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

41. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff class members in a civil action for damages and wages owed and for costs and attorney's fees and interest pursuant to Labor Code §§ 218.5 and 218.6.

**THIRD CAUSE OF ACTION**

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43. DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiff, and other class members, had the opportunity to take and were provided with all proper meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and class members were suffered and

permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks. As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the class members missed.

44. Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

45. As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

46. This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

47. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

48. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class

members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**49.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

**50.** At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

**51.** As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**52.** The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS.

**53.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**FIFTH CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**54.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as though fully set for herein.

55. DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the rates of pay of their California employees in pay periods. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

56. For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members' hours worked, rates of pay, net wages earned, daily or weekly pay, and/or vacation wages earned.

57. As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

58. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

59. DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**SIXTH CAUSE OF ACTION**

**FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set for herein.

61. DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not reimbursing employees all work related expenses, (b) not paying employees the vacation wages owed, and (c) not paying employees the meal period wages owed.

62. DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

63. Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

64. Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

65. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

66. Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this

suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as the representative of the Classes;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for consequential damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;
5. Upon the Second Cause of Action, for all vacation wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;
6. Upon the Third Cause of Action, for all meal period wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;
7. Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203
8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;
9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;
10. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, 2802, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated: March 2, 2009**

**LAW OFFICES OF PETER M. HART**

**By:** ______________________

**Peter M. Hart, Esq.**

Attorney for Plaintiff and the class

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

**DATED: March 2, 2009** **LAW OFFICES OF PETER M. HART**

By: ____________________

**Peter M. Hart**
**Attorney for Plaintiff and the class**

16

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

94

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA ]
]ss.
COUNTY OF LOS ANGELES ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 S. Flower Street, Suite 1370, Los Angeles, California 90071.

On March 2, 2009, I served the following document(s) described as: **STIPULATION AND [PROPOSED] ORDER REGARDING LEAVE TO FILE A FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Otis McGee, Esq.
Morgan P. Forsey, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
*Attorneys for Defendant U.S. Security Associates, Inc.*

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071
*Attorneys for Defendant U.S. Security Associates, Inc.*

Peter M. Hart, Esq.
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina del Rey, CA 90292
*Attorneys for Plaintiff Muhammed Abdullah*

Kenneth H. Yoon, Esq.
Law Office of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
*Attorneys for Plaintiff Muhammed Abdullah*

__X__ BY MAIL: by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 2, 2009, at Los Angeles, California.

Linda Lee

EXHIBIT 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/19/09 | DEPT. 56

HONORABLE JANE L. JOHNSON JUDGE | C. WRIGHT DEPUTY CLERK
S. WORKU, C.A.

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

Deputy Sheriff | NONE Reporter

4:10 pm BC405465

MUHAMMED ABDULLAH

VS
U.S. SECURITY ASSOCIATES INC
ET AL
R/T BC348103 (3/19/09)

Plaintiff Counsel
NO APPEARANCES
Defendant Counsel

**NATURE OF PROCEEDINGS:**

COURT'S ORDER RE: RELATED CASES

The Court finds that the following cases bc405465 and BC348103 are related cases within the meaning of Los Angeles Superior Court Local Rule 7.3(f). For good cause shown, said cases are assigned to Judge Jane Johnson for all purposes. All hearings in cases other than the lead case are vacated. Any presently calendared motions in cases other than the lead case shall be continued to the newly assigned department and shall be renoticed by the moving party. This order is made without prejudice to the parties making a motion to consolidate in the assigned department.

The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Moving party is ordered to give notice

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of

MINUTES ENTERED
03/19/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 03/19/09 | | | DEPT. 56 |
| HONORABLE JANE L. JOHNSON | JUDGE | C. WRIGHT<br>S. WORKU, C.A. | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 4:10 pm | BC405465<br><br>MUHAMMED ABDULLAH<br><br>VS<br>U.S. SECURITY ASSOCIATES INC<br>ET AL<br>R/T BC348103 (3/19/09) | Plaintiff Counsel<br><br>NO APPEARANCES<br><br>Defendant Counsel |

**NATURE OF PROCEEDINGS:**

Mar 19, 2009 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: March 19, 2009

John A. Clarke, Executive Officer/Clerk

By: C. Wright
C. Wright, Deputy

Otis McGee
Morgan P. Forsey / Ross A. Broughton
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

Page 2 of 2 DEPT. 56

MINUTES ENTERED
03/19/09
COUNTY CLERK

# EXHIBIT 10

ORIGINAL

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
OTIS MCGEE, Cal. Bar No. 71885
MORGAN P. FORSEY, Cal. Bar No. 241207
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

FILED
LOS ANGELES SUPERIOR COURT
MAR 24 2009
JOHN A. CLARKE, CLERK
BY AMBER LA FLEUR-CLAYTON, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

D56

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendant.

Case No. BC 405465

[Complaint Filed: January 13, 2009]

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Discovery Cutoff: n/s
Motion Cutoff: n/s
Trial Date: n/s

Defendant U.S. Security Associates, Inc. ("Defendant"), for itself and no other defendants, hereby answer Plaintiff Muhammed Abdullah's unverified First Amended Complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant generally denies all of the material allegations of Plaintiff's unverified Complaint, and further denies that Plaintiff has been damaged in any amount, or at all. Defendant also specifically denies that Defendant is liable to Plaintiff, or any member of the purported class asserted, for the sum or sums alleged or for any other amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

2. The Complaint and each purported cause of action alleged therein is barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Labor Code Section 203; California Code of Civil Procedure Sections 337, 338, 339, 340, and 343; and California Business and Professions Code Section 17208.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

3. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is estopped by his conduct from asserting the claims upon which he seeks relief.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

5. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

6. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint and is, therefore, barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

(Consent)

7. The alleged causes of action are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence or consent to Defendant's alleged conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

8. Plaintiff and each member of the purported class cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

**NINTH AFFIRMATIVE DEFENSE**

(No Damages)

9. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has not suffered any damages as a result of any action or inaction by Defendant, and, thus, Plaintiff is barred from asserting any causes of action against Defendant.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

10. Defendant is informed and believes, and based on such information and belief alleges, that the Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff failed to adequately exhaust his administrative remedies under the appropriate statutory provisions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Primary Jurisdiction Doctrine)

11. The Complaint, and each purported cause of action therein, should be abated in the Court's discretion, and Plaintiff must pursue his administrative remedies under the appropriate statutory provisions with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiff's claims.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

12. Plaintiff lacks standing to assert the Complaint or any purported cause of action alleged therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Non-Certifiable Class)

13. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint does not state facts sufficient to certify a class pursuant to California Code of Civil Procedure Section 382. Accordingly, this action is not properly brought as a class action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Common Issues)

14. Defendant is informed and believes, and based upon such information and belief alleges, that individual questions of fact and law predominate within Plaintiff's Complaint, and there is a lack of common issues of fact or law. Accordingly, this action is not properly brought as a class action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Inadequacy of Class Representative)

15. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is an inadequate representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Lack of Typicality)

16. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims are not typical of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Inadequacy of Plaintiff's Counsel)

17. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's counsel is not adequately familiar with the substantive and procedural law pertinent to class actions and, accordingly, this action is not properly brought as a class action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Lack of Numerosity)

18. Defendant is informed and believes, and based upon such information and belief alleges, that the purported class is not sufficiently numerous and, accordingly, this action is not properly brought as a class action.

## NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Superiority)

19. Defendant is informed and believes, and based upon such information and belief alleges, that the class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

## TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Specificity)

20. Plaintiff's sixth cause of action claiming unfair competition in violation of California Business and Professions Code Section 17200, et seq., is barred because it fails to plead specific facts capable of stating a claim for unfair competition.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Predicate Violation of Law)

21. Plaintiff cannot establish a predicate violation of law by Defendant sufficient to maintain a cause of action pursuant to Business and Professions Code Section 17200, et seq.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Proper Representative Claim)

22. Plaintiff's Business and Professions Code Section 17200 cause of action is not appropriate for resolution on a representative basis.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Availability of Damages)

23. Pursuant to the Business and Professions Code Section 17200, et seq., Plaintiff is not entitled to an award of damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Lack of Irreparable Injury)

24. Plaintiff is not entitled to injunctive relief because he will not suffer any irreparable injury if injunctive relief is denied.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Legitimate Business Purpose)

25. Defendant cannot be liable for any alleged violation of California Business and Professions Code Sections 17200, et seq. or any other alleged cause of action alleged in the Complaint because its actions, conduct and dealings with its employees were lawful, and were carried out in good faith for legitimate business purposes.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(ERISA Preemption)

26. The Complaint is barred in whole or in part, because the damages sought for loss or denial of employment benefits in the Complaint, or any purported cause of action alleged therein, are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Losses/Unjust Enrichment)

27. Plaintiff and the persons on whose behalf Plaintiff purports to sue have not suffered any losses or damages and Defendant has not been unjustly enriched as a result of any action or inaction of Defendant or its agents. Plaintiff and the persons on whose behalf Plaintiff purports to sue are therefore not entitled to any restitution or other relief sought in connection therewith.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Payment)

28. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff, and those he seeks to represent, have been paid all wages due and owed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Willful Failure to Pay)

29. Assuming, *arguendo*, that Defendant failed to pay Plaintiff or the putative class members all wages, Defendant cannot be held liable because any failure to pay was not willful.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Good Faith Defense)

30. The Complaint, and each purported cause of action alleged therein, is barred in whole or in part, because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

31. Plaintiff has failed to mitigate his losses, if any, and as a result of such failure, Plaintiff's claims against Defendant are reduced, excused, and/or discharged.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Due Process)

32. Plaintiff's Complaint, to the extent it seeks penalties or restitution on behalf of absent class members or the general public, violates the due process clause as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Unconstitutionality of Penalties)

33. An award of penalties in this action would be unreasonable and/or oppressive and would violate Defendant's due process and equal protection rights under the United States Constitution and the California Constitution.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Conduct of Others)

34. To the extent that individuals or companies other than Defendant are responsible for any of the wrongs alleged in Plaintiff's Complaint, Defendant is not liable for any such wrongs.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Setoff, Offset, Recoupment)

35. Some or all of the purported causes of action in the Complaint are subject to setoff, offset, or recoupment.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(No Penalties – Good Faith Dispute)

36. Plaintiff cannot recover Labor Code Section 226(e) penalties because any alleged failure to provide a compliant wage statement was based on a good faith dispute regarding the applicable law or facts.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Inadvertence)

37. Defendant is informed and believes, and based thereon alleges, that any recovery assessed for violations of Labor Code Sections 203 and/or 226(e) should be

reduced in whole or in part because any violations were inadvertent and/or due to a clerical error or inadvertent mistake.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Not Reasonable and Necessary)

38. Defendant is informed and believes, and based thereon alleges, that Plaintiff's claims for unpaid business expenses are barred on the ground that any amounts expended were not reasonable and necessary.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees)

39. As a consequence of Plaintiff's bringing or maintaining this action, Defendant has been required to retain attorneys to defend itself, and Defendant is entitled to recover its attorneys' fees incurred herein pursuant to California Labor Code Section 218.5 and California Code of Civil Procedure Section 128.7.

**RESERVATION OF RIGHTS TO AMEND ANSWER**

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;

3. That Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

4. For such other and further relief as this court deems just and proper.

DATED: March 24, 2009

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By [signature]
OTIS MCGEE
MORGAN FORSEY
ROSS BOUGHTON
Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

-12-
W02-WEST:1RAB1\401426648.1
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

109

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **March 24, 2009**, I served the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **March 24, 2009**, at Los Angeles, California.

B. Flores

Bertha (Birdie) Flores

**SERVICE LIST**

| | |
|---|---|
| Peter M. Hart, Esq.<br>Law Offices of Peter M. Hart<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>T: (310) 478-5789<br>F: (310) 509) 561-6441 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Larry W. Lee, Esq.<br>Diversity Law Group, A Professional Corporation<br>444 S. Flower Street<br>Citigroup Center, Suite 1370<br>Los Angeles, CA 90071<br>T: (213) 488-6555<br>F: (213) 488-6554 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Kenneth H. Yoon, Esq.<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90017<br>T: (213) 612-0988<br>F: (213) 947-1211 | Attorneys for Plaintiff<br>Muhammed Abdullah |

EXHIBIT 11

56

D56

ORIGINAL

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
OTIS MCGEE, Cal. Bar No. 71885
MORGAN P. FORSEY, Cal. Bar No. 241207
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

FILED
LOS ANGELES SUPERIOR COURT
APR 13 2009
JOHN A. CLARKE, EXECUTIVE OFFICER
BY CAROL WRIGHT, DEPUTY

REC'D
APR 10 2009
FILING WINDOW

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. BC 405465<br><br>[Complaint Filed: January 13, 2009]<br><br>**[REDACTED] STIPULATED PROTECTIVE ORDER**<br><br>Discovery Cutoff: n/s<br>Motion Cutoff: n/s<br>Trial Date: n/s |

CIT/CASE: BC405465 LEA/DEF#:
RECEIPT #: CCH465980054
DATE PAID: 04/10/09 01:18:20 PM
PAYMENT: $20.00
RECEIVED:
CHECK: 20.00
CASH:
CHANGE:
CARD:
0310

TO ALL PARTIES OF RECORD AND THIS HONORABLE COURT:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that the producing party deems to be: (1) proprietary or (2) contain trade secrets. As such, IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Muhammed Abdullah, ("Plaintiff"), through his counsel, on the one hand and Defendant U.S. Security Associates, Inc.'s ("Defendant"), through its counsel, on the other, that the Parties will maintain the confidentiality of, and use solely for the purpose of litigating the present lawsuit, any confidential or proprietary information which the Parties mark as "confidential," "proprietary," or "subject to protective order," (hereinafter referred to as "Confidential Information").

Additionally, the Parties agree upon the following, procedures, terms and conditions:

1. In accordance with the limitations and procedures set forth below, access to the Confidential Information shall be limited to the following persons or parties:

a. Attorneys of record for the Parties;

b. Paralegals, secretaries, and/or process servers regularly employed by the Parties' counsel of record;

c. Plaintiff and Defendant;

d. Experts or paid consultants regarding this litigation;

e. Non-expert witnesses actually testifying at a deposition, hearing or trial, but only where the information is relevant to their testimony; and

f.      Any other person as to whom the Parties agree through a written modification of this Stipulation

2.      All persons identified in paragraph 1 who in the course of this action may be given access to Confidential Information, shall be required to read the Stipulation and agree to be bound thereby by executing the "Acknowledgment and Agreement To Be Bound By Protective Order," attached hereto as Exhibit A.  However, any person given access to Confidential Information protected by this Stipulation that is his/her own information shall be allowed access to such Confidential Information without being required to execute said declaration.

3.      Any responses to interrogatories, requests for admissions, or demands for inspection and pleadings that disclose the content of Confidential Information shall be restricted and marked as Confidential Information.

4.      If Confidential Information is disclosed during a deposition, counsel of record for the producing party of the Confidential Information shall make arrangements, or when appropriate request the Court to make arrangements, to ensure that only the deponent, counsel for the deponent, court reporter, and Qualified Persons identified in Paragraph 1 above, are present, and ask that such testimony be bound separately and marked "Confidential- Subject to Protective Order."

5.      Confidential Information shall be used solely for the purposes of this action and not for any other purpose.

6.      The parties agree that the provisions of Sections 2.550 and 2.551 of the California Rules of Court shall apply to the filing and/or lodging of Confidential Information with the Court, including with respect to discovery motions, except that defendants shall have fifteen days, following service of written notice that documents designated Confidential will be placed in the public court file, in which to file a motion or application to seal such documents.

-3-

W02-WEST:1RAB1\401471253.1                                    [████████] STIPULATED PROTECTIVE ORDER

Any party may file a motion to seal in accordance with California Rule of Court 2.551. Pending resolution of the motion to seal, any submission of the Confidential Information, by either party, will be filed and/or lodged in an envelope or container marked "CONDITIONALLY UNDER SEAL" pending the Court's ruling on the motion.

Both parties agree with an election not to seek an order placing specific documents under seal does not constitute a waiver of this Stipulation.

7. If any party believes that a document or other information, which has been designated as Confidential, should not properly be treated as Confidential Information within this Stipulation, that party must notify the disclosing party of its disagreement with the Confidential designation as soon as reasonably possible. Counsel for the parties will then endeavor to reach an agreement regarding the status of that document or information within ten (10) days of the notice of disagreement. If no agreement can be reached after ten (10) days, the party seeking to challenge the confidentiality of the document shall file a motion for relief with the Court within fourteen (14) days thereafter. Until the Court resolves the motion, the document or information will be treated as Confidential Information subject to the terms of this Stipulation.

8. Nothing in this Stipulation shall abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court or arbitrator concerning the issue of the confidential status of Confidential Information.

9. Any objections as to the admissibility of the Confidential Information are reserved and are not waived by any terms of this Stipulation and Order.

10. This Stipulation and Order shall not prejudice the right of the Parties: (a) to object to any request to produce Confidential Information; (b) to object to the introduction into evidence of any Confidential Information; (c) to seek additional protective treatment for any Confidential Information; (d) to object to the designation of documents as Confidential Information; or (e) to seek any modification of any provision of this Stipulation and Order either generally or as to any

1  particular Confidential Information by properly noticed motion.  The Parties shall meet and confer

2  regarding any dispute that refers or relates to Confidential Information prior to filing any motion.

3

4        11.    Legal remedies are inadequate to prevent the use or disclosure of Confidential

5  Information covered by this Stipulation; therefore, the Parties agree that injunctive relief is an

6  appropriate remedy to prevent any person or party from using or disclosing Confidential

7  Information in violation of the Stipulation and Order.  In the event a party, or any other person or

8  entity, violate or threaten to violate any of the terms of this Stipulation and Order, the Parties agree

9  that the producing party, with appropriate notice to the requesting party, may apply to the Court to

10  obtain injunctive relief against any such persons or parties violating or threatening to violate any

11  of the terms of this Stipulation.  In the event a party applies to the Court, the responding party,

12  person or entity subject to the provisions of this Stipulation and Order shall not employ as a

13  defense thereto a claim that the applying party possesses an adequate remedy at law.  The Parties

14  and any other persons subject to the terms of this Stipulation and Order agree that this Court shall

15  retain jurisdiction over them for the purpose of enforcing this order.  The Parties waive and release

16  any and all requirements for a bond or undertaking to support any injunctive relief.

17        12.    Inadvertent disclosure of any Confidential Information during discovery,

18  arbitration, mediation or trial of this action, or inadvertent disclosure of Confidential Information

19  without appropriate designation, shall be without prejudice to any claim that such material is

20  private and confidential and no party shall be held to have waived any rights of confidentiality by

21  such inadvertent disclosure.

22        13.    If Confidential Information is disclosed to any persons other than in the manner

23  authorized by this Stipulation and Order, the person or party responsible for disclosure must

24  immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all

25  parties without prejudice to other rights and remedies of any party and make every effort to

26  prevent further disclosure by it or by the person who receives such information.

27

28

-5-

W02-WEST:1RAB1\401471253.1              [███████] STIPULATED PROTECTIVE ORDER

14. Sanctions for inadvertent or intentional disclosure of Confidential Information shall be decided by the Court, after opportunity for briefing and argument by the Parties.

15. This Stipulation may be amended by the written agreement of counsel for the Parties to this agreement and any pertinent third parties in the form of an amended stipulation and pursuant to a further order of the Court. This Stipulation is intended to regulate the handling of the Confidential Information during the entirety of this litigation through appeal and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record or by agreement of the Parties to this litigation and any pertinent third parties or by order of the Court.

16. Within thirty (30) days after the final disposition of the proceeding, whether through final judgment or otherwise, (including all appeals) counsel and any person authorized by the Stipulation to receive Confidential Information shall return or destroy all originals and copies of documents relating or referring to the Confidential Information, except that only attorneys of record shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to discovery requests, responses to request for admission, or deposition transcripts that contain or refer to any Confidential Information to the extent necessary to preserve a litigation file in this case. Confidential Information in such litigation files shall remain sealed and disclosed only in accordance with the terms of this Stipulation and Order.

The terms of this Stipulation shall survive and remain in full force and effect after termination of this lawsuit. The Court shall retain jurisdiction over the Parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

Dated: April 14, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________

OTIS McGEE, Jr.
MORGAN FORSEY
ROSS BOUGHTON
Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

DATED: April 10, 2009

THE LAW OFFICES OF PETER M. HART

By [signature]
PETER M. HART
Attorneys for Plaintiff
MUHAMMED ABDULLAH

DATED: April 10, 2009

DIVERSITY LAW GROUP

By [signature]
LARRY LEE
Attorneys for Plaintiff
MUHAMMED ABDULLAH

DATED: April 10, 2009

THE LAW OFFICES OF KENNETH H. YOON

By [signature]
KENNETH H. YOON
Attorneys for Plaintiff
MUHAMMED ABDULLAH

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________ **[print or type full name]** of ______________ ______________ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Los Angeles County Superior Court on ___________, 2009 in the case of Abdullah v. U.S. Security Associates, Inc., Case Number BC405465. I do agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Los Angeles County Superior Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________ **[print or type full name]** of ______________________________ **[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:______________________

City and State where sworn and signed:______________________________

Printed name: ________________________________

Signature:___________________________________

EXH-A

<div align="center">ORDER</div>

The Court, having read and considered the [Proposed] Stipulated Protective Order regarding the protection of Confidential Information, and good cause appearing in that discovery in this action will be facilitated thereby,

IT IS HEREBY ORDERED that the Stipulated Protective Order is entered in this action without prejudice to any motion for modification.

DATED: *April 13*, 2009

THE HON. JANE JOHNSON
LOS ANGELES SUPERIOR COURT JUDGE

-9-

W02-WEST:1RAB1\401471253.1                    [████████] STIPULATED PROTECTIVE ORDER

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **April 10, 2009**, I served the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **April 10, 2009**, at Los Angeles, California.

Cynthia Coblentz

**SERVICE LIST**

| | |
|---|---|
| Peter M. Hart, Esq.<br>Law Offices of Peter M. Hart<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>T: (310) 478-5789<br>F: (310) 509) 561-6441 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Larry W. Lee, Esq.<br>Diversity Law Group,<br>A Professional Corporation<br>444 S. Flower Street<br>Citigroup Center, Suite 1370<br>Los Angeles, CA 90071<br>T: (213) 488-6555<br>F: (213) 488-6554 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Kenneth H. Yoon, Esq.<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90017<br>T: (213) 612-0988<br>F: (213) 947-1211 | Attorneys for Plaintiff<br>Muhammed Abdullah |

EXHIBIT 12

PETER M. HART, Esq. [California Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

FILED
LOS ANGELES SUPERIOR COURT
APR 29 2009
JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: BC405465

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Date: June 12, 2009
Time: 8:30 a.m.
Dept.: 56

(Assigned to the Honorable Jane L. Johnson, Dept. 56)

Complaint Filed: January 13, 2009

4/15/09

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Case Management Conference has been scheduled for **June 12, 2009** at 8:30 a.m. in Department 56 of the above-referenced courthouse. All parties are ordered to meet and confer in person no later than thirty days prior to the hearing. The parties shall also file a Case Management Statement at least fifteen calendar days before the hearing. A true and correct copy of the Court's notice is attached hereto as Exhibit "1".

DATED: April 28, 2009

**DIVERSITY LAW GROUP**

By: ______________________

**Larry W. Lee**
**Attorney for Plaintiff and the class**

NOTICE SENT TO:

Lee, Larry W., Esq.
Diversity Law Group, APC
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071-1901

FILE STAMP

ORIGINAL FILED
APR 21 2009
LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH
Plaintiff(s),

VS.

U.S. SECURITY ASSOCIATES INC ET AL
Defendant(s).

CASE NUMBER

BC405465

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for June 12, 2009 at 8:30 am in Dept. 56 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: April 21, 2009

Jane L. Johnson
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: April 21, 2009

John A. Clarke, Executive Officer/Clerk

by ________________, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EX.1 /

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA ]
]ss.
COUNTY OF LOS ANGELES ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 S. Flower Street, Suite 1370, Los Angeles, California 90071.

On April 28, 2009, I served the following document(s) described as: **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action as follows:

Otis McGee, Esq.
Morgan P. Forsey, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
*Attorneys for Defendant U.S. Security Associates, Inc.*
*Via U.S. mail*

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071
*Attorneys for Defendant U.S. Security Associates, Inc.*
*Via U.S. mail*

Peter M. Hart, Esq.
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina del Rey, CA 90292
*Attorneys for Plaintiff Muhammed Abdullah*
*Via U.S. mail*

Kenneth H. Yoon, Esq.
Law Office of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
*Attorneys for Plaintiff Muhammed Abdullah*
*Via U.S. mail*

__X__ BY MAIL: by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 28, 2009, at Los Angeles, California.

Susan Baxter
Susan Baxter

EXHIBIT 13

56

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

MAR 27 2009

JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
OTIS MCGEE, Cal. Bar No. 71885
MORGAN P. FORSEY, Cal. Bar No. 241207
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,<br>Defendant. | Case No. BC 405465<br>[Complaint Filed: January 13, 2009]<br>**NOTICE OF ORDER RE RELATED CASES AND REASSIGNMENT**<br>Discovery Cutoff: n/s<br>Motion Cutoff: n/s<br>Trial Date: n/s |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court found that the following two cases are related within the meaning of Los Angeles Superior Court Local Rule 7.3(f): Blacksher v. U.S. Security Associates, LASC Case No. BC348103 ("Blacksher") and Abdullah v. U.S. Security Associates, Inc., LASC Case No. BC405465 ("Abdullah").

PLEASE TAKE FURTHER NOTICE that Abdullah has been reassigned from Judge Holly Kendig, Department 42, to Judge Jane Johnson, Department 56.

PLEASE TAKE FURTHER NOTICE that all previously scheduled hearing dates in Abdullah have been vacated, including the April 13, 2009 OSC Hearing and the May 13, 2009 Case Management Conference.

A copy of the Court's order in Abdullah is attached hereto as Exhibit A. A copy of the Court's order in Blacksher is attached hereto as Exhibit B.

DATED: March 2, 2009

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By ______________________________
OTIS MCGEE
MORGAN FORSEY
ROSS BOUGHTON
Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/19/09 — DEPT. 56

HONORABLE JANE L. JOHNSON, JUDGE — C. WRIGHT, DEPUTY CLERK

HONORABLE ____, JUDGE PRO TEM — S. WORKU, C.A., ELECTRONIC RECORDING MONITOR

Deputy Sheriff — NONE, Reporter

4:10 pm BC405465

MUHAMMED ABDULLAH

VS

U.S. SECURITY ASSOCIATES INC ET AL

R/T BC348103 (3/19/09)

Plaintiff Counsel / Defendant Counsel: NO APPEARANCES

**NATURE OF PROCEEDINGS:**

COURT'S ORDER RE: RELATED CASES

The Court finds that the following cases bc405465 and BC348103 are related cases within the meaning of Los Angeles Superior Court Local Rule 7.3(f). For good cause shown, said cases are assigned to Judge Jane Johnson for all purposes. All hearings in cases other than the lead case are vacated. Any presently calendared motions in cases other than the lead case shall be continued to the newly assigned department and shall be renoticed by the moving party. This order is made without prejudice to the parties making a motion to consolidate in the assigned department.

The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Moving party is ordered to give notice

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of

MINUTES ENTERED
03/19/09
COUNTY CLERK

EX.A /

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/19/09 | | DEPT. 56 |
| HONORABLE JANE L. JOHNSON JUDGE | C. WRIGHT | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | S. WORKU, C.A. | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE | Reporter |

4:10 pm BC405465

MUHAMMED ABDULLAH

VS
U.S. SECURITY ASSOCIATES INC
ET AL
R/T BC348103 (3/19/09)

Plaintiff Counsel

NO APPEARANCES

Defendant Counsel

**NATURE OF PROCEEDINGS:**

Mar 19, 2009 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: March 19, 2009

John A. Clarke, Executive Officer/Clerk

By: C. Wright
C. Wright, Deputy

Otis McGee
Morgan P. Forsey / Ross A. Broughton
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

MINUTES ENTERED
03/19/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/19/09 DEPT. 56

HONORABLE JANE L. JOHNSON JUDGE | C. WRIGHT DEPUTY CLERK

HONORABLE JUDGE PRO TEM | S. WORKU, C.A. ELECTRONIC RECORDING MONITOR

Deputy Sheriff | NONE Reporter

4:00 pm BC348103

SANDRA BLACKSHER

VS

U S SECURITY ASSOCIATES INC

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

NATURE OF PROCEEDINGS:

COURT'S ORDER RE: RELATED CASES

The Court finds that the following cases BC348103 and BC405465 are related cases within the meaning of Los Angeles Superior Court Local Rule 7.3(f). For good cause shown, said cases are assigned to Judge Jane Johnson for all purposes. All hearings in cases other than the lead case are vacated. Any presently calendared motions in cases other than the lead case shall be continued to the newly assigned department and shall be renoticed by the moving party. This order is made without prejudice to the parties making a motion to consolidate in the assigned department.

The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Moving party is ordered to give notice.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of

Page 1 of 2 DEPT. 56

MINUTES ENTERED
03/19/09
COUNTY CLERK

EX.B /

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/19/09 | DEPT. 56

HONORABLE JANE L. JOHNSON JUDGE | C. WRIGHT DEPUTY CLERK

HONORABLE JUDGE PRO TEM | S. WORKU, C.A. ELECTRONIC RECORDING MONITOR

Deputy Sheriff | NONE Reporter

4:00 pm BC348103

SANDRA BLACKSHER

VS

U S SECURITY ASSOCIATES INC

Plaintiff Counsel

NO APPEARANCES

Defendant Counsel

**NATURE OF PROCEEDINGS:**

Mar 19, 2009 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: March 19, 2009

John A. Clarke, Executive Officer/Clerk

By: C. Wright
C. Wright, Deputy

Otis McGee
Morgan P. Forsey / Ross A. Broughton
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

Page 2 of 2 DEPT. 56

MINUTES ENTERED
03/19/09
COUNTY CLERK

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **March 26, 2009**, I served the following document(s) described as **NOTICE OF ORDER RE RELATED CASES AND REASSIGNMENT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **March 26, 2009**, at Los Angeles, California.

B. Flores

Bertha (Birdie) Flores

**SERVICE LIST**

| | |
|---|---|
| Peter M. Hart, Esq.<br>Law Offices of Peter M. Hart<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>T: (310) 478-5789<br>F: (310) 509) 561-6441 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Larry W. Lee, Esq.<br>Diversity Law Group,<br>A Professional Corporation<br>444 S. Flower Street<br>Citigroup Center, Suite 1370<br>Los Angeles, CA 90071<br>T: (213) 488-6555<br>F: (213) 488-6554 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Kenneth H. Yoon, Esq.<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90017<br>T: (213) 612-0988<br>F: (213) 947-1211 | Attorneys for Plaintiff<br>Muhammed Abdullah |

EXHIBIT 14

ORIGINAL

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Otis McGee, Bar # 71885; Morgan Forsey, Bar # 241207; Ross Boughton, Bar # 24119
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
TELEPHONE NO.: (213) 620-1780 FAX NO. (Optional): (213) 620-1398
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): DEFENDANTS

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 29 2009

John A. Clarke, Executive Officer/Clerk
By ______, Deputy
GLORIETTA ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: LOS ANGELES

PLAINTIFF/PETITIONER: Muhammed Abdullah
DEFENDANT/RESPONDENT: U.S. Security Associates, Inc.

## CASE MANAGEMENT STATEMENT

(Check one): ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER: BC 405465

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 12, 2009 Time: 8:30 a.m. Dept.: 56 Div.: Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☒ This statement is submitted by party *(name):* U.S. Security Associates Inc.
   b. ☒ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 13, 2009
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed,
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. Description of case
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action):*
   Plaintiff alleges the following claims on behalf of himself and other employees: failure to reimburse employment related expenses; failure to pay vacation wages upon termination; failure to pay meal period premiums; failure to timely pay final wages; failure to keep accurate records; and violations of the Unfair Competition Law

W02-WEST:1RAB1\401562478.1
Judicial Council of California
CM-110 [Rev. January 1, 2009]
CASE MANAGEMENT STATEMENT
American LegalNet, Inc. www.FormsWorkflow.com
Page 1 of 4
Cal. Rules of Court, rules 3.720-3.730 www.courtinfo.ca.gov

135

CM-110

| PLAINTIFF/PETITIONER: MUHAMMED ABDULLAH | CASE NUMBER: BC 405465 |
|---|---|
| DEFENDANT/RESPONDENT: U.S. SECURITY ASSOCIATES, INC. | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff Muhammed Abdullah, a former employee of U.S. Security Associates, Inc., brings the above mentioned causes of action against his former employer on behalf of himself and other employees. He seeks an order certifying the case as a class action, and seeks to recover unpaid wages, penalties, interest and attorneys' fees and costs.

Defendant denies Plaintiff's allegations and denies that Plaintiff or any member of the putative class was damaged by any act of Defendant.

Defendant also denies that this matter should be certified as a class action.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Plaintiff seeks class certification. Defendant anticipates being prepared for trial within 6 months of the Court's ruling on class certification.
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* October 14-30, 2009 (trial); November 30-December 4 (trial); December 7-11 (trial); December 15-24 (trial); January 4-13 (trial); January 28-February 5 (trial).

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):* 3-5 days for plaintiff only; 3-5 weeks if class action.
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

American LegalNet, Inc. www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: MUHAMMED ABDULLAH | CASE NUMBER: BC 405465 |
|---|---|
| DEFENDANT/RESPONDENT: U.S. SECURITY ASSOCIATES, INC. | |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☒ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
   ☒ The party or parties are willing to participate in an early settlement conference *(specify when)*:
   30 days prior to trial

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☒ There are companion, underlying, or related cases.
      (1) Name of case: Blacksher v. U.S. Security Associates, Inc.
      (2) Name of court: LASC
      (3) Case number: BC348103
      (4) Status: Settled and dismissed
   ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**
   ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:
   Defendant intends to bifurcate punitive damages

16. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Defendant anticipates filing a motion for summary judgment/adjudication; motions in limine; and discovery motions as necessary.

American LegalNet, Inc. www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: MUHAMMED ABDULLAH<br>DEFENDANT/RESPONDENT: U.S. SECURITY ASSOCIATES, INC. | CASE NUMBER:<br>BC 405465 |
|---|---|

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Plaintiff's Deposition | July 2009 |
| Defendant | Written Discovery | July 2009 |
| Defendant | Witness Depositions | Oct.- Dec. 2009 |
| Defendant | Expert Discovery | Jan.- Feb. 2010 |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 28, 2009

Ross A. Boughton
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

________________
(TYPE OR PRINT NAME) ▶ ________________
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc. www.FormsWorkflow.com

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **May 29, 2009**, I served the following document(s) described as **CASE MANAGEMENT STATEMENT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **May 29, 2009**, at Los Angeles, California.

B. Flores

Bertha (Birdie) Flores

**SERVICE LIST**

| | |
|---|---|
| Peter M. Hart, Esq.<br>Law Offices of Peter M. Hart<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>T: (310) 478-5789<br>F: (310) 509) 561-6441 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Larry W. Lee, Esq.<br>Diversity Law Group,<br>A Professional Corporation<br>444 S. Flower Street<br>Citigroup Center, Suite 1370<br>Los Angeles, CA 90071<br>T: (213) 488-6555<br>F: (213) 488-6554 | Attorneys for Plaintiff<br>Muhammed Abdullah |
| Kenneth H. Yoon, Esq.<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90017<br>T: (213) 612-0988<br>F: (213) 947-1211 | Attorneys for Plaintiff<br>Muhammed Abdullah |

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Larry W. Lee (SBN 228175)
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
TELEPHONE NO.: (213) 488-6555 FAX NO. (Optional): (213) 488-6554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff Muhammed Abdullah

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
MAY 29 2009
John A. Clarke, Executive Officer/Clerk
By GLORIETTA ROBINSON, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Muhammed Abdullah
DEFENDANT/RESPONDENT: U.S. Security Associates, Inc.

## CASE MANAGEMENT STATEMENT

(Check one): [✓] UNLIMITED CASE (Amount demanded exceeds $25,000) [ ] LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER: BC405465

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: June 12, 2009 Time: 8:30 a.m. Dept.: 56 Div.: Room:
Address of court (if different from the address above):

[ ] Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [✓] This statement is submitted by party (name): Plaintiff Muhammed Abdullah
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): January 13, 2009
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [✓] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in [✓] complaint [ ] cross-complaint (Describe, including causes of action):

Violation of Labor Code Sections 2802, 227.3, 226.7, 203, and 226; Unfair Business Practices.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

CASE MANAGEMENT STATEMENT

Page 1 of 4
Cal. Rules of Court, rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

141

CM-110

| PLAINTIFF/PETITIONER: Muhammed Abdullah | CASE NUMBER: BC405465 |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Security Associates, Inc. | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

[✓] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [✓] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. [ ] The trial has been set for *(date):*
   b. [✓] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   Plaintiff requests a trial date to be set after ruling on Plaintiff's motion for class certification. Plaintiff anticipates filing for class certification on or before December 31, 2009.

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. [✓] days *(specify number):* 7 (depending on class certification)
   b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [✓] by the attorney or party listed in the caption [ ] by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   [✓] Additional representation is described in Attachment 8.

9. **Preference**
[ ] This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a. Counsel [✓] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. [ ] All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c. [ ] The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Muhammed Abdullah | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Security Associates, Inc. | BC405465 |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) [✓] Mediation
   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) [ ] Binding judicial arbitration
   (5) [ ] Binding private arbitration
   (6) [ ] Neutral case evaluation
   (7) [ ] Other *(specify)*:

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**
[✓] The party or parties are willing to participate in an early settlement conference *(specify when)*:
90 days before trial

**12. Insurance**
a. [ ] Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: [ ] Yes [ ] No
c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
[ ] Bankruptcy [ ] Other *(specify)*:
Status:

**14. Related cases, consolidation, and coordination**
a. [✓] There are companion, underlying, or related cases.
   (1) Name of case: Sandra Blacksher v. U.S. Security Associates, Inc.
   (2) Name of court: Los Angeles Superior Court
   (3) Case number: BC348103
   (4) Status: Judgment entered on March 7, 2008
   [ ] Additional cases are described in Attachment 14a.
b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

**15. Bifurcation**
[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
[✓] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Motion for class certification, motion for summary judgment, motion to amend complaint, discovery motions

CM-110

| PLAINTIFF/PETITIONER: Muhammed Abdullah | CASE NUMBER: BC405465 |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Security Associates, Inc. | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | December 1, 2009 |
| Plaintiff | Depositions of parties and witnesses | December 1, 2009 |

c. ☑ The following discovery issues are anticipated *(specify):*

Plaintiff seeks to send a Belaire-West notice to class members and may do this either by stipulation or by motion.

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 28, 2009

Larry W. Lee
(TYPE OR PRINT NAME) ▶ [signature] (SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



Plaintiff/Petitioner: Muhammed Abdullah
Defendant/Respondent: U.S. Security Associates, Inc.

Case Number: BC405465

Attachment 4b

To Case Management Statement

4. Description of case

b.

Plaintiff Muhammed Abdullah was employed by Defendants as a security guard until on or about October 13, 2008. Plaintiff and the class were not provided reimbursements for all reasonable work-related expenses that were incurred. Plaintiff and the class were not paid one additional hour of wages for each meal period missed. Plaintiff and the class did not get paid all unused vested vacation wages at the time of the end of employment. Defendants did not keep accurate records of Plaintiff and the class's work and payment. Plaintiff intends to add claims for Labor Code 450, being required to patronize the employer, and PAGA penalties for Plaintiff and the class. Further, Plaintiff intends to add class-wide claims for failure to pay for all time worked and overtime related to work-related travel. Finally, Plaintiff and the class seek penalties under Labor Code 203 and 226.

Plaintiff/Petitioner: Muhammed Abdullah
Defendant/Respondent: U.S. Security Associates, Inc.
Case Number: BC405465

Attachment 8

To Case Management Statement

8. Trial representation

a. Attorney: Peter M. Hart
b. Firm: Law Offices of Peter M. Hart
c. Address: 13952 Bora Bora Way, F-320
Marina del Rey, CA 90292
d. Telephone number: (310) 478-5789
e. Fax number: (509) 561-6441
f. E-mail address: hartpeter@msn.com
g. Party represented: Plaintiff Muhammed Abdullah

a. Attorney: Kenneth H. Yoon
b. Firm: Law Offices of Kenneth H. Yoon
c. Address: One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
d. Telephone number: (213) 612-0988
e. Fax number: (213) 947-1211
f. E-mail address: kyoon@yoon-law.com
g. Party represented: Plaintiff Muhammed Abdullah

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA ]
]ss.
COUNTY OF LOS ANGELES ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 S. Flower Street, Suite 1370, Los Angeles, California 90071.

On May 29, 2009, I served the following document(s) described as: **CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

Otis McGee, Esq.
Morgan P. Forsey, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
*Attorneys for Defendant U.S. Security Associates, Inc.*

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071
*Attorneys for Defendant U.S. Security Associates, Inc.*

Peter M. Hart, Esq.
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina del Rey, CA 90292
*Attorneys for Plaintiff Muhammed Abdullah*

Kenneth H. Yoon, Esq.
Law Office of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
*Attorneys for Plaintiff Muhammed Abdullah*

_X_ BY MAIL: by placing ____ the original or _X_ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 29, 2009, at Los Angeles, California.

[signature]
Linda Lee

Exhibit 15

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/12/09

DEPT. 56

HONORABLE JANE L. JOHNSON JUDGE

C. WRIGHT DEPUTY CLERK

R. MORALES, C.A.

HONORABLE JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

#3

Deputy Sheriff

NONE Reporter

| | | | |
|---|---|---|---|
| 8:30 am | BC405465<br><br>MUHAMMED ABDULLAH<br>VS<br>U.S. SECURITY ASSOCIATES INC<br>ET AL<br>R/T BC348103 (3/19/09)<br>NON-COMPLEX (01-28-09) | Plaintiff Counsel<br><br>Defendant Counsel | LARRY W. LEE [X]<br><br>ROSS A. BOUGHTON [X]<br>OTIS McGEE [X]<br>Appearing by CourtCall |

**NATURE OF PROCEEDINGS:**

CASE MANAGEMENT CONFERENCE

The Court and counsel confer in chambers.

CASE MANAGEMENT CONFERENCE is continued to August 21, 2009 at 8:30 am in this department.

Counsel are ordered to meet and confer regarding what discovery need to be done to set class certification hearing and regarding possible mediation.

Notice waived.

Page 1 of 1 DEPT. 56

MINUTES ENTERED
06/12/09
COUNTY CLERK

Exhibit 16



FILED
LOS ANGELES SUPERIOR COURT
JUL 28 2009
JOHN A. CLARKE, EXECUTIVE OFFICER
BY CAROL WRIGHT, DEPUTY

REC'D
JUL 24 2009
FILING WINDOW

PETER M. HART, Esq. [California Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC405465<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING *BELAIRE-WEST* NOTICE**<br><br>(Assigned to the Honorable Jane L. Johnson, Dept. 56)<br><br>Complaint Filed: January 13, 2009 |

CIT/CASE: BC405465 LEA/DEF#:
RECEIPT #: CCH465980079
DATE PAID: 07/24/09 02:38:56 PM
PAYMENT: $20.00
RECEIVED:
CHECK: 20.00
CASH:
CHANGE:
CARD:

Plaintiff Muhammed Abdullah ("Plaintiff") and Defendant U.S. Security Associates, Inc. ("Defendant") (collectively "Parties") through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS Plaintiff filed a putative class action against Defendant and other entities;

WHEREAS Plaintiff seeks to certify a class of individuals;

WHEREAS Plaintiff demanded the names, addresses, and telephone numbers of the putative class members in order to send to them a *Belaire-West* notice;

WHEREAS Plaintiff states that he requires the names, addresses, and telephone numbers of the putative class members to send a *Belaire-West* notice in order to conduct discovery, and cites to *Belaire-West Landscape, Inc. v. Sup. Ct.*, 149 Cal.App. 4th 554 (2007), *Puerto v. Sup. Ct.*, 158 Cal.App.4th 1242 (2008), *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325 (2008); and *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958 (2008) in support of his position that he is entitled to such information;

WHEREAS Defendant objected to providing such information on the grounds of the putative class members' privacy rights, which are protected by Article 1, Section 1 of the California Constitution;

WHEREAS the Parties met and conferred regarding the foregoing, as well as the contents of the *Belaire-West* notice;

WHEREAS the Parties do not wish to incur costs in connection with motions to compel regarding the foregoing discovery issues;

WHEREAS the Parties have agreed to send the *Belaire-West* notice attached hereto as Exhibit A ("*Belaire-West* Notice") to current and former Security Guard employees of Defendant who worked in California at any time between July 1, 2007 and the present and that such persons will have the opportunity to elect not to have their names, addresses, or telephone numbers provided to Plaintiff's counsel;

WHEREAS the Parties have agreed that the names, addresses, and telephone numbers of the current and former Security Guard employees of Defendant who worked in California at any time between July 1, 2007 and the present will be released only to third party administrator Rust Consulting, Inc. ("Rust") who will mail the *Belaire-West* Notice;

WHEREAS Plaintiff has agreed to pay all the costs of administering the *Belaire-West* letter through Rust;

**IT IS HEREBY STIPULATED BY COUNSEL FOR PLAINTIFF AND COUNSEL FOR DEFENDANT:**

1. Within 21 days of receipt of this signed order, Defendant will provide only to third party administrator, Rust Consulting, Inc., the names, addresses, and telephone numbers of all of the current and former Security Guard employees of Defendant who worked in California between July 1, 2007 and the present ("Putative Class Members");

2. Rust will mail the *Belaire-West* Notice to the Putative Class Members within 21 days of receipt of their names, addresses, and telephone numbers;

3. Putative Class Members will have 30 days (plus 5 days for mailing) ("Return Date") to opt out of having their names, addresses, and telephone numbers provided to Plaintiff's counsel;

4. Not sooner than 14 days after the Return Date, Rust will provide to counsel for both parties the names, addresses, and telephone numbers only for those Putative Class Members who did not return opt out of having their names, addresses, and telephone numbers provided to Plaintiff's counsel;

5. Plaintiff will pay Rust's costs for the mailing of the letter.

**IT IS SO STIPULATED.**

Dated: July 23, 2009

**DIVERSITY LAW GROUP, P.C.**

By: ______________________

Larry W. Lee, Esq.
Attorney for Plaintiff and the class

Dated: July 23, 2009

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: ______________________

Otis McGee, Esq.
Morgan Forsey, Esq.
Ross Boughton, Esq.
Attorneys for Defendant U.S. Security Associates, Inc.

ORDER

Upon Stipulation of the Parties and upon good cause shown, IT IS HEREBY ORDERED that the foregoing Stipulation is approved and the Parties are ordered to act in compliance therewith.

Dated: JUL 28 2008

JUDGE OF THE SUPERIOR COURT
JANE L. JOHNSON

MUHAMMED ABDULLAH V. U.S. SECURITY ASSOCIATES, INC., ET AL.
SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
CASE NO. BC405465

**NOTICE TO CURRENT AND FORMER U.S. SECURITY ASSOCIATES, INC. SECURITY GUARD EMPLOYEES REGARDING DISCLOSURE OF CONTACT INFORMATION**

This Notice is being sent to you by order of the Superior Court of the State of California for the County of Los Angeles. The order of the Court does not constitute an endorsement by the Court of any of the statements contained in this notice. The Court has not rendered an opinion as to the merits of this case.

July 24, 2009

<<FIRST_NAME>> <<LAST_NAME>>
<<ADDRESS>>
<<CITY>>, <<ST>> <<ZIP>>

Dear <<PROPER_NAME>>:

A class-action lawsuit has been filed by a former U.S. Security Associates, Inc. (referred to as "U.S. Security Associates") security guard employee. ***This is not a lawsuit against you, and you are not being sued.*** The former U.S. Security Associates security guard, or Plaintiff, filed the lawsuit on behalf of himself and all other similarly situated current and former security guards having worked for U.S. Security Associates within the State of California from July 1, 2007 to the present.

The lawsuit alleges that U.S. Security Associates failed to provide or allow its security guard employees to take meal rest breaks in a manner that complied with California law. Plaintiff contends that U.S. Security Associates' security guard employees often worked beyond 5 hours in a work-shift without being provided or allowed to take a fully relieved, uninterrupted meal break of at least 30 minutes. The lawsuit also alleges that U.S. Security Associates failed to reimburse its security guard employees for work related expenses. Additionally, the lawsuit also claims that U.S. Security Associates failed to pay all earned and unused vacation wages to its employees upon termination of employment. Finally, the lawsuit also alleges that U.S. Security Associates failed to provide proper payroll records and failed to pay all former security guard employees their final wages in a timely manner upon termination of employment. Plaintiff seeks for all current and former security guard employees of U.S. Security Associates vacation wages, meal break pay, unpaid reimbursements, and penalties under California law.

***Plaintiff contends that this lawsuit can be brought as a class action on behalf of all other similarly situated current and former security guard employees of U.S. Security within the State of California. The Court has not yet determined whether this case can be maintained as a class action.*** If you worked as a U.S. Security Associates security guard employee at any time since July 1, 2007, you may be a member of the proposed class. The lawsuit is entitled *Muhammed Abdullah v. U.S. Security Associates, Inc., et. al*, and is pending in the Superior Court of the State of California for the County of Los Angeles, Case No. BC405465.

U.S. Security Associates denies that these allegations are true or that it has violated California law, and contends that this case cannot be maintained as a class action.

Ex A

To assist in the investigation of this lawsuit's allegations, the attorneys for the Plaintiff wish to gather information regarding the nature of the work you do (or did) while working for U.S. Security and the claims described above. They have sought to obtain your name, address, and telephone number so that they can communicate with you about the allegations made in this lawsuit.

**YOU MAY ELECT NOT TO HAVE YOUR INFORMATION PROVIDED TO PLAINTIFF'S ATTORNEYS ON THE GROUNDS OF PRIVACY.**

**IF YOU DO NOT WANT YOUR NAME, ADDRESS, OR TELEPHONE NUMBER TO BE PROVIDED TO THE PLAINTIFF'S ATTORNEYS, YOU MUST COMPLETE AND RETURN THE ENCLOSED POSTCARD TO THE ADDRESS ON THE POSTCARD BY ________, WHICH IS 30 DAYS FROM THIS LETTER.**

You have the right to contact Plaintiff's attorneys directly, or may contact any of the following attorneys:

Plaintiff's Attorneys:

PETER M. HART, ESQ.
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, Suite F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

LARRY W. LEE, ESQ.
**DIVERSITY LAW GROUP**
444 S. Flower Street, Suite 1370
Los Angeles, California 90017
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
lwlee@diversitylaw.com

KENNETH H. YOON, ESQ.
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
kyoon@yoon-law.com

Defendant's Attorneys:

OTIS, McGEE, Jr.
MORGAN P. FORSEY
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
omcgee@sheppardmullin.com
mforsey@sheppardmullin.com

ROSS BOUGHTON
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
rboughton@sheppardmullin.com

You are under no obligation to provide information or to discuss this matter with the Plaintiff's attorneys. You are also under no obligation to discuss this matter with U.S. Security Associates or its attorneys. U.S. Security Associates will not retaliate in any way against any individual or employee for exercising his or her legal rights, including but not limited to contacting the Plaintiff's counsel and/or participating in the proposed class action. Further, the fact that you contacted Plaintiff's counsel, or any discussions you have therewith, will not be disclosed to U.S. Security Associates or its attorneys. In addition, your decision to withhold your name and contact information at this time will have no impact on any right you may have to participate in this case in the event it is later certified as a class action.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

RETURN POSTCARD (pre-addressed with prepaid or metered postage)

I do **NOT** authorize disclosure of my name, home address, and home telephone number to Plaintiffs' counsel in the lawsuit of *Muhammed Abdullah v. U.S. Security Associates, Inc., et. al.*

Signature                Date

Print Name

****Note that the outside of the envelope containing notice must read:** "Please open immediately. This letter concerns an ongoing lawsuit in which your rights may be affected."

7/31/09

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA ]
]ss.
COUNTY OF LOS ANGELES ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 S. Flower Street, Suite 1370, Los Angeles, California 90071.

On July 24, 2009, I served the following document(s) described as: **STIPULATION AND [PROPOSED] ORDER REGARDING BELAIRE-WEST NOTICE** on the interested parties in this action as follows:

Otis McGee, Esq.
Morgan P. Forsey, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
*Attorneys for Defendant U.S. Security Associates, Inc.*

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071
*Attorneys for Defendant U.S. Security Associates, Inc.*

Peter M. Hart, Esq.
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina del Rey, CA 90292
*Attorneys for Plaintiff Muhammed Abdullah*

Kenneth H. Yoon, Esq.
Law Office of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
*Attorneys for Plaintiff Muhammed Abdullah*

_X_ BY MAIL: by placing _____ the original or _X_ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 24, 2009, at Los Angeles, California.

Linda Lee

Exhibit 17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/22/09 | DEPT. 56

HONORABLE JANE L. JOHNSON JUDGE | C. WRIGHT DEPUTY CLERK

HONORABLE JUDGE PRO TEM | S. WORKU, C.A. ELECTRONIC RECORDING MONITOR

#4 Deputy Sheriff | NONE Reporter

8:30 am BC405465

MUHAMMED ABDULLAH

VS

U.S. SECURITY ASSOCIATES INC ET AL

R/T BC348103 (3/19/09)

Plaintiff Counsel: KENNETH H. YOON [X]; MELISSA M. COYLE [X]

Defendant Counsel: OTIS McGEE [X] Appearing by CourtCall

**NATURE OF PROCEEDINGS:**

POST-MEDIATION STATUS CONFERENCE

The Court and counsel confer in chambers.

A STATUS CONFERENCE is set for December 1, 2009 at 8:30 am in this department, same date and time as Plaintiff's Motion to Amend.

Counsel are to brief the issue of a stay, due five (5) court days prior to hearing.

Notice is deemed waived.

Page 1 of 1 DEPT. 56

MINUTES ENTERED
10/22/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/21/09

DEPT. 56

HONORABLE JANE L. JOHNSON JUDGE

C. WRIGHT DEPUTY CLERK

HONORABLE JUDGE PRO TEM

S. WORKU, C.A. ELECTRONIC RECORDING MONITOR

#1 Deputy Sheriff

NONE Reporter

8:30 am BC405465

MUHAMMED ABDULLAH
VS
U.S. SECURITY ASSOCIATES INC
ET AL
R/T BC348103 (3/19/09)
NON-COMPLEX (01-28-09)

Plaintiff Counsel: LARRY W. LEE [X]

Defendant Counsel: ROSS A. BOUGHTON [X]
SYLVIA HWANG [X]
KENNETH H. YOON [X]

**NATURE OF PROCEEDINGS:**

CASE MANAGEMENT CONFERENCE

The Court and counsel confer in chambers.
Case Management Conference is held.

Parties will participate in mediation on October 7, 2009. POST-MEDIATION STATUS CONFERENCE is set for October 22, 2009 at 8:30 am in this department.

CLASS CERTIFICATION HEARING is set for February 10, 2010 at 8:30 am in this department.

Notice waived.

08/21/09

Page 1 of 1 DEPT. 56

MINUTES ENTERED
08/21/09
COUNTY CLERK

Exhibit 18

ORIGINAL 

PETER M. HART, Esq. [California Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
MELISSA M. COYLE (State Bar No. 232775)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

FILED
LOS ANGELES SUPERIOR COURT

NOV 3 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC 405465<br><br>**NOTICE OF LODGING OF FIRST AMENDED COMPLAINT**<br><br>Dept: 56 |

In conjunction with Plaintiff's filing of his Motion for Leave to File a First Amended Complaint, Plaintiff hereby lodges the First Amended Complaint, attached hereto as Exhibit "A."

**DATED: November 3, 2009**

**LAW OFFICES OF KENNETH H. YOON**

**By:** ______________________

**Kenneth H. Yoon**
**Melissa Coyle**
**Attorneys for Plaintiff and the class**

2

NOTICE OF LODGING OF FIRST AMENDED COMPLAINT

161

PETER M. HART, Esq. [California Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiff Muhammed Abdullah

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MUHAMMED ABDULLAH, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: BC 405465

**CLASS ACTION**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**(1) VIOLATION OF LABOR CODE SECTION 2802;**

**(2) VIOLATION OF LABOR CODE SECTION 227.3;**

**(3) VIOLATION OF LABOR CODE SECTION 226.7;**

**(4) VIOLATION OF LABOR CODE SECTION 226;**

EXH A

(5) VIOLATION OF LABOR CODE SECTION 203;

(6) VIOLATION OF LABOR CODE SECTION 450;

(7) VIOLATION OF IWC WAGE ORDER NO. 7 § 5 – FAILURE TO PAY REPORTING TIME PAY;

(8) FAILURE TO PAY WAGES;

(9) FAILURE TO PAY MINIMUM WAGES;

(10) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.).

DEMAND FOR JURY TRIAL

Plaintiffs Muhammed Abdullah, Melissa Robinson, Christina Aguilar and William Kimbrough (hereinafter referred to as "Plaintiffs"), hereby submit their First Amended Class Action Complaint against Defendants U.S. Security Associates, Inc., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the class of others similarly situated current and former employees of DEFENDANTS for work related reimbursements owed, vacation wages owed, meal period wages, rest period wages, minimum wage claims, wages owed, patronizing employer, waiting time penalties, and penalties for failure to keep accurate records, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 227.3, 450, 2802, Industrial Welfare Commission ("IWC") Wage Order No. 7 § 5, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide reimbursements for all work related expenses, failing to provide meal periods, failing to provide rest periods, failure to pay all regular wages, failing to pay at the end of employment all unused vested vacation wages, and failure to keep proper records of wages earned and rates of pay and other legally mandated records pursuant to Labor Code § 226.

4. Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) reimbursement of all work related expenses; (b) all proper meal and rest periods, (c) payment of all unused vested vacation wages, (d) accurate payroll records pursuant to Labor Code § 226, (e) payment of proper wages, and (f) payment of minimum wages.

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, 450, 2802, IWC Wage Order No. 7 §5, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

7. Venue is proper because the DEFENDANTS do business in the State of California, they did not list a principle place of business in California with the California Secretary of State, and their principle place of business is in Georgia.

**PARTIES**

8. Plaintiff MUHAMMED ABDULLAH was employed by DEFENDANTS until on or

about October 13, 2008. Plaintiff was employed as a security guard during the full period of his employment with DEFENDANTS. Plaintiff was not provided reimbursements for all reasonable work-related expenses that he incurred. Plaintiff was not paid one additional hour of wages for each meal period he missed. Plaintiff did not get paid all of his unused vested vacation wages at the time of the end of his employment. DEFENDANTS did not keep accurate records of Plaintiff's work and payment. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3, 2802, California Business and Professions Code §17200, et seq., (Unfair Practices Act).

9. Plaintiffs MELISSA ROBINSON was an employee of DEFENDANTS from on or about July 2007 to on or about July 2008. Plaintiff CHRISTINA AGUILAR was an employee of DEFENDANTS from on or about November 2007 to March 2009. Plaintiff WILLIAM KIMBROUGH, IV was employed by DEFENDANTS from on or about October, 2008 to on or about May 2009. Plaintiffs were each employed as a security guard during the full period of their employment with DEFENDANTS. Plaintiffs were not provided reimbursements for all reasonable work-related expenses that they incurred. Plaintiffs were not paid one additional hour of wages for each meal period missed. Plaintiffs did not get paid all of their unused vested vacation wages at the time of the end of their employment. Plaintiffs were not permitted to take rest breaks nor were they paid for missing said rest breaks. Plaintiffs incurred expenses for uniforms and subsequently charged a fee to maintain said uniform. Plaintiffs were forced to pay for a background check. Plaintiffs were not compensated for time spent travelling to different job sites. Plaintiffs were not compensated for showing up for a cancelled shift. Plaintiffs were not compensated any wages for attending Defendant's mandatory training sessions. DEFENDANTS did not keep accurate records of Plaintiffs' work and payment. Plaintiffs were and are a victim of the policies, practices and customs of DEFENDANTS complaint of in this action in ways that have deprived her of the rights guaranteed her by California Labor Code §§ 201-204, 226, 226.7, 227.3, 450, 2802, IWC Wage Order No. 7 § 5, California Business and

Professions Code §17200, et seq., (Unfair Practices Act).

10. Plaintiffs are informed and believe and based thereon allege Defendants U.S. Security Associates, Inc. (hereafter "DEFENDANTS") were and are corporations doing business in the State of California providing security services in California.

11. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 227.3, 450, 2802, IWC Wage Order No. 7 § 5, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

13. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and thereon allege that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

**16.** At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**17.** At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

**18.** **Definition:** The named individual Plaintiffs seek class certification pursuant to California Code of Civil Procedure § 382 of a class of all current and former Security Guard/Officer employees of DEFENDANTS who worked at US Security Associates, Inc. in California during the period from July 1, 2007 to the present including the following subclasses:

a. a subclass of all of DEFENDANTS' former California Security Guard/Officer employees whose employment ended between July 1, 2007 and the present who were not paid at the end of their employment all vested, unused vacation wages, including floating holidays, personal days, and other paid time off benefits;

b. a subclass of all of DEFENDANTS' past and present California employees who worked more than 6 hours in any work shift as a Security

Guard/Officer from July 1, 2007 through the present;

c. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees who were not reimbursed for all work-related expenses during the period from July 1, 2007 to the present;

d. a subclass of all of DEFENDANTS' past and present California employees who worked as Security Guards/Officers from July 1, 2007 through the present who received an itemized wage statement;

e. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees whom DEFENDANTS required to maintain a uniform during the period from July 1, 2007 to the present;

f. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees during the period from July 1, 2007 to the present whom were denied proper wages;

g. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees during the period from July 1, 2007 to the present whom were denied minimum wages;

h. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees during the period from July 1, 2007 to the present whom, upon showing up for their scheduled shift, had their scheduled work shift(s) cancelled and/or reduced to less than half of the original scheduled shift;

i. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees during the period from July 1, 2007 to the present whom were required to make purchases as a direct result of employment; and

j. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees during the period from July 1, 2007 to the

present whom were required to attend Defendant's mandatory training session(s);

k. a subclass of all of DEFENDANTS' past and present California Security Guard/Officer employees during the period from July 1, 2007 to the present who from DEFENDANTS' records were paid wages beyond 72 hours from the date of the end of their employment.

19. **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records and is estimated by Plaintiffs at being over 200 class members. Plaintiffs are informed and believe and based thereon allege that (a) class members regularly were denied payment of all vacation wages, meal period wages, minimum wages owed, and all wages owed, (b) DEFENDANTS did not provide reimbursements for all work related expenses incurred and forced Plaintiffs to make certain purchases as a direct result of employment, (c) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226, (e) DEFENDANTS did not pay proper reporting time pay, and (d) DEFENDANTS engaged in unfair practices.

20. **Adequacy of Representation:** The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

21. DEFENDANTS uniformly administered a corporate policy, practice and/or procedure of not paying members of the class reimbursements for work related expenses, vacation wages, and meal period wages with respect to their employees. Plaintiffs are informed and believe and based thereon allege this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by

class members.

22. In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section. Plaintiffs are informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

23. Plaintiffs are informed and believe and based thereon allege DEFENDANTS, in violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, 227.3, 450, and 2802 and IWC Wage Order No. 7 § 5. Plaintiffs and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

24. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the class concerning whether (a) class members regularly were denied payment of all work related reimbursements, meal period wages and vacation wages due, and (b) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226. DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

25. **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the class. Plaintiffs are members of the classes and have suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 227.3, 450, and 2802. Plaintiff Robinson has suffered the harms of violations of IWC Wage Order No. 7 § 5 as against her and her claims are typical of this class she represents. For failure to pay minimum wages by Plaintiffs Robinson

and Kimbrough for themselves and the class they represent.

26. The California Labor Code and upon which Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27. The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

28. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29. Such a pattern, practice and uniform administration of corporate policy regarding

illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 2802 and Code of Civil Procedure § 1021.5.

**30.** Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Plaintiffs class to recovery on the causes of action alleged herein.

**31.** The Plaintiffs class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiffs class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2802

## (AGAINST ALL DEFENDANTS BY PLAINTIFFS ABDULLAH, ROBINSON, AGUILAR AND KIMBROUGH ON BEHALF OF SUBCLASSES (c) AND (e))

**32.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 as though fully set for herein.

**33.** This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

**34.** As a pattern and practice, DEFENDANTS regularly failed to reimburse and indemnify Plaintiffs and Subclass (c) members for work related expenses and losses for travel between job sites and training, including, but not limited to, mileage and automobile related expenses, and/or other transportation expenses. Furthermore, DEFENDANTS regularly failed to reimburse and indemnify Plaintiffs and Subclasses (c) and (e) members for work related

expenses in connection with the cleaning and maintenance of uniforms required for employment. DEFENDANTS had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

35. The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiffs' and Subclasses (c) and (e) members' rights, and done by managerial employees of DEFENDANTS. Plaintiffs and Subclasses (c) and (e) members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

36. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

**SECOND CAUSE OF ACTION**

**FOR FORFEITURE OF VACATION WAGES**

**IN VIOLATION OF LABOR CODE § 227.3**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ABDULLAH, ROBINSON, AGUILAR, AND KIMBROUGH AND ON BEHALF OF SUBCLASS (a))**

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as though fully set for herein.

38. This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) of their employees.

39. Plaintiffs and members of Subclass (a) had unused vested vacation wages that were not paid out to them in a timely fashion at the end of their employment in violation of Labor Code § 227.3.

40. As a matter of uniform corporate policy and procedure and practices DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiffs and Subclass (a) members all vested vacation wages (including, but not limited to, personal days, personal holidays, floating holidays, and paid time off) at the end of their employment. The uniform policy of not paying Plaintiffs and Subclass (a) members all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

41. The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiffs and Subclass (a) members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiffs and members of Subclass (a) and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

42. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff class members in a civil action for damages and wages owed and for costs and attorney's fees and interest pursuant to Labor Code §§ 218.5 and 218.6.

**THIRD CAUSE OF ACTION**

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES AND REST PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ABDULLAH, ROBINSON, AGUILAR, AND KIMBROUGH AND ON BEHALF OF SUBCLASS (b))**

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42 as though fully set for herein.

44. DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs and members of Subclass (b), had the opportunity to take and were provided with all proper meal periods and rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiffs and members of

Subclass (b) were suffered and permitted to work through legally required meal breaks and rest breaks and were denied the opportunity to take their meal breaks and rest breaks. As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods and rest period pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period and rest period Plaintiffs and the members of Subclass (b) missed.

45. Plaintiffs and Subclass (b) members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiffs and members of Subclass (b) who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

46. Plaintiffs and Subclass (b) members who worked four hours or major faction thereof had a right to take at least a 10-minute rest period each day they worked four hours or major fraction thereof.

47. As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation and denied Plaintiffs and their employees the right to take proper meal periods and rest breaks as required by law.

48. This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

49. DEFENDANTS' policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper rest periods is a violation of California law.

50. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks or rest periods the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiffs and members of Subclass (b) are owed wages for the meal period

violations and rest period violations set forth above. Plaintiffs are informed and believe and based thereon allege DEFENDANTS' willful failure to provide Plaintiffs and members of Subclass (b) the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and members of Subclass (b) who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**51.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and members of Subclass (b) identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

**FOURTH CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING (AGAINST ALL DEFENDANTS BY PLAINTIFFS ABDULLAH, ROBINSON, AGUILAR AND KIMBROUGH AND ON BEHALF OF SUBCLASS (d))**

**52.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 51 as though fully set for herein.

**53.** DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the rates of pay of their California employees in pay periods. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

**54.** For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiffs' and Subclass (d) members' hours worked, rates of pay, net wages earned, daily or weekly pay, and/or vacation wages earned.

**55.** As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

56. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Subclass (d) members identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

57. DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs and Subclass (d) members in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ABDULLAH, ROBINSON, AGUILAR, AND KIMBROUGH AND ON BEHALF OF ALL CLASS MEMBERS ON BEHALF OF SUBCLASS (k))**

58. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 as though fully set for herein.

59. At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

60. As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiffs and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

61. The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiffs and class members' rights, and done by managerial employees of DEFENDANTS.

62. Plaintiffs are informed and believe and based thereon allege DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**SIXTH CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 450**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ROBINSON, AGUILAR, AND KIMBROUGH ON BEHALF OF SUBCLASS (i))**

63. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 62 as though fully set for herein.

64. DEFENDANTS failed in their affirmative obligation to ensure that Plaintiffs nor the members of Subclass (i) were compelled or coerced to purchase anything of value from DEFENDANTS or any other person.

65. As a pattern and practice, DEFENDANTS routinely required Plaintiffs and members of Subclass (i) to purchase items of value from DEFENDANTS or another person and/or entity.

66. The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiffs and Subclass (i) members' rights, and done by managerial employees of DEFENDANTS. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and members of Subclass (i) identified herein, in a civil action, for violation of Labor Code section 450, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF IWC WAGE ORDER NO. 7 § 5**

**FOR FAILURE TO PAY REPORTING TIME PAY**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ROBINSON ON BEHALF OF SUBCLASS (h))**

**67.** Plaintiffs re-allege and incorporate by reference paragraphs 1 though 66 as though fully set for herein.

**68.** This cause of action is brought pursuant to IWC Wage Order No. 7 § 5 which provides that employees are entitled to reporting time pay whenever they show up for a scheduled work shift and are told that such work shift is cancelled or reduced to less than half of the original scheduled shift.

**69.** As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff Robinson and Subclass (h) members for reporting time pay whenever such individuals' showed up for their scheduled shifts were informed that their scheduled work shift was cancelled or reduced to less than half of the original scheduled shift.

**70.** DEFENDANTS had a uniform corporate pattern and practice and procedure regarding the above practices in violation of IWC Wage Order No. 7 § 5.

**71.** The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and Subclass (h) members' rights, and done by managerial employees of DEFENDANTS. Plaintiff Robinson and Subclass (h) members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

**72.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff Robinson and members of Subclass (h) in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorney's

fees, and costs of suit.

**EIGHTH CAUSE OF ACTION**

**FOR REGULAR WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ROBINSON AND KIMBROUGH ON BEHALF OF SUBCLASS (f))**

**73.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 72 as though fully set for herein.

**74.** At all times relevant herein, DEFENDANTS were required to compensate their non-exempt employees correct and proper regular wages for all regular hours worked.

**75.** As a pattern and practice, DEFENDANTS regularly required Plaintiffs Robinson and Kimbrough and members of Subclass (f), to work hours off the clock without payment of wages.

**76.** As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiffs Robinson and Kimbrough and Subclass (f) members who worked off the clock the proper wages for all hours worked.

**77.** The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiffs' and Subclass (f) members' rights, and done by managerial employees of DEFENDANTS. Plaintiffs Robinson and Kimbrough and Subclass (f) members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

**78.** Plaintiffs are informed and believe and based thereon allege DEFENDANTS willfully failed to pay employees all regular wages all hours worked. Plaintiffs are informed and believe and based thereon allege DEFENDANTS' willful failure to provide all regular wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs Robinson and Kimbrough and Subclass (f) members who have separated from employment are entitled to

compensation pursuant to Labor Code § 203.

79. Such a patter, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of regular wages owing, including interest thereon, attorney's fees, and costs of suit according to the mandate of California Labor Code § 218.5.

**NINTH CAUSE OF ACTION**

**FOR MINIMUM WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ROBINSON AND KIMBROUGH ON BEHALF OF SUBCLASSES (g) and (j))**

80. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 79 as though fully set for herein.

81. At all times relevant herein, DEFENDANTS were required to compensate their non-exempt employees correct and proper regular wages for all regular hours worked.

82. As a pattern and practice, DEFENDANTS regularly required Plaintiffs Robinson and Kimbrough and members of Subclasses (g) and (j), to work hours off the clock without payment of wages. This resulted in Plaintiffs Robinson and Kimbrough and members of Subclasses (g) and (j) to receive total wages in an amount less than minimum wage.

83. As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiffs Robinson and Kimbrough and Subclasses (g) and (j) members who worked off the clock the proper wages for all hours worked which resulted in their total wages to be in an amount less than minimum wage.

84. The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiffs' and Subclasses (g) and (j) members' rights, and done by managerial employees of DEFENDANTS. Plaintiffs Robinson and Kimbrough and Subclasses (g) and (j) members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and

make an example of DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

85. Plaintiffs are informed and believe and based thereon allege DEFENDANTS willfully failed to pay employees all regular wages all hours worked which would result in an amount less than minimum wage. Plaintiffs are informed and believe and based thereon allege DEFENDANTS' willful failure to provide all regular wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs Robinson and Kimbrough and Subclasses (g) and (j) members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

86. Such a patter, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of regular wages owing, including interest thereon, attorney's fees, and costs of suit according to the mandate of California Labor Code § 218.5.

**TENTH CAUSE OF ACTION**

**FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS ABDULLAH, ROBINSON, AGUILAR AND KIMBROUGH ON BEHALF OF ALL CLASS MEMBERS)**

87. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 86 as though fully set for herein.

88. DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not reimbursing employees all work related expenses, (b) requiring class members to patronize the employer, (c) not paying employees the vacation wages owed, and (d) not paying employees all wages owed, including, but not limited to, meal and rest break wages and minimum wages.

89. DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

90. Plaintiffs seek, on their own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

91. Plaintiffs seek, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

92. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

93. Plaintiffs are informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiffs as the representatives of the class and subclasses as described herein;
3. For an order appointing Counsel for Plaintiffs as class counsel;
4. Upon the First Cause of Action, for consequential damages according to proof, for punitive and exemplary damages according to proof, and for waiting time wages

according to proof pursuant to California Labor Code § 203;

5. Upon the Second Cause of Action, for all vacation wages owed, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;

6. Upon the Third Cause of Action, for all meal period wages owed for all rest period wages owed, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;

7. Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203

8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

9. Upon the Sixth Cause of Action, for damages or penalties according to proof pursuant to Labor Code §450, and for costs and attorney's fees;

10. Upon the Seventh Cause of action, Action for reporting time pay and for waiting time penalities according to proof pursuant to California Labor Code § 203;

11. Upon the Eighth Cause of Action for all regular wages owed and for waiting time penalties according to proof pursuant to California Labor Code § 203;

12. Upon the Ninth Cause of Action for all minimum wages owed and for waiting time penalties according to proof pursuant to California Labor Code §203;

13. Upon the Tenth Cause of Action, for restitution to Plaintiffs and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

14. On all causes of action for attorneys fees, interest, and costs as provided by California

Labor Code §§ 218.5, 218.6, 226, 450, 2802, and Code of Civil Procedure § 1021.5, IWC Wage Order No. 7 § 5, and for such other and further relief the Court may deem just and proper.

**Dated: November 3, 2009** **LAW OFFICES OF KENNETH H. YOON**

**By:** Kenneth H. Yoon by MMC
**Kenneth H. Yoon, Esq.**
**Attorney for Plaintiffs and the class**

**DEMAND FOR JURY TRIAL**

Plaintiffs, for themselves and the classes, hereby demand a jury trial as provided by California law.

**DATED: November 3, 2009** **LAW OFFICES OF KENNETH H. YOON**

**By:** Kenneth H. Yoon by MMC
**Kenneth H. Yoon**
**Attorney for Plaintiffs and the class**

## PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017.

On November 3, 2009, I served the following document described as:

**NOTICE OF LODGING OF FIRST AMENDED COMPLAINT**

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached mailing list.

[ ] (BY FACSIMILE)
I am readily familiar with the business practices of this office. The telephone number of the facsimile machine I used was (213) 489-9961. This facsimile machine complies with Rules 2003(2) of the California Rules of Court. Upon transmission, no error was reported by the facsimile machine and a printed copy of the machine's transmission record indicating that the transmission was successfully completed is attached to this declaration.

[ ] By having copies **personally delivered to the designated party(ies).**

[ ] By leaving, during usual business hours, copies in the office of the party(ies) served with the person who apparently was in charge and thereafter mailing (by first class mail, postage prepaid) copies to the party(ies) served at the place where the copies were left.

[ ] **(BY MAIL)**
I am familiar with my employer's mail collection and processing practices; know that mail is collected and deposited with the United States Postal Services on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

[X] **(BY FEDERAL EXPRESS COURIER)**
I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express delivery. Under that practice it would be deposited with the Federal Express Courier on that same day at Los Angeles, California in the ordinary course of business. Executed on November 3, 2009, at Los Angeles, California.

[X] (State) I declare under penalty of perjury that the above is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on November 3, 2009, at Los Angeles, California.

ARIELLE SEPULVEDA

*Muhammed Abdullah v. U.S. Security Associates, Inc.*
**Los Angeles County Superior Court Case No. BC405465**

**SERVICE LIST**

**Attorneys for Defendant**

Otis McGee
Morgan P. Forsey
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

Ross A. Boughton
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

**Attorneys for Plaintiffs**

Peter M. Hart (via email)
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Larry W. Lee (via email)
Diversity Law Group
444 South Flower Street, Suite 1370
Los Angeles, California 90071
Telephone: (213) 488-6555